## LARSEN v. BREENE ET AL.

1. TENDER — CERTIFIED CHECK — FAILURE OF BANK PENDING SUIT.— Plaintiff tendered to defendant a certified check for the amount which he contended was owing the latter on certain partnership transactions, which was refused for insufficiency in amount, and, on bringing an action for a settlement, deposited the check in court for the purpose of keeping the tender good. *Held,* that as the tender did not discharge the debt, and as the check, if accepted, would have only operated as a conditional payment, the failure of the bank pending suit did not relieve plaintiff from the payment of that amount. The fact that the check was certified did not impose upon defendant any greater liability.

2. The facts that defendant, upon hearing of the failing condition of the bank, acting under the advice of counsel, and with the sole intention of preserving the fund for him to whom it might be awarded, procured the check and presented it for payment, and upon refusal brought suit against the bank, does not constitute a waiver of his right to payment, nothing having been realized from the bank.

### *Error to District Court of Lake County.*

THIS action was brought by the plaintiff in error, Niels Larsen, who was plaintiff below, against Peter W. Breene

and George W. Trimble, for the purpose of procuring the cancellation of a certain note and a trust deed given to secure the same. It appears from the pleadings and evidence that in April or May, 1883, the plaintiff obtained a deed of trust, together with an option for purchase and lease upon the Crown Point and Pinnacle mines, from Nelson Hallock, the owner. Afterwards the plaintiff and the defendant Breene formed a copartnership for the purpose of working said mines, and did work the same, but at a loss instead of a profit. Thereafter, and upon June 23, 1883, by consent of all parties in interest, the mines were conveyed to the defendant Breene for the sum of $30,000. In the month of September following Breene sold the mines at a profit of $10,000, and it was claimed by the plaintiff that this amount should go to the copartnership account between himself and Breene; and he also claimed that upon a settlement of this copartnership account there would be due him a further balance of $436.51. About the time this alleged copartnership was formed, the defendant Breene loaned plaintiff the sum of $12,000, taking plaintiff's note therefor, secured by a trust deed, with the defendant Trimble as trustee, upon certain mining property. By the terms of the copartnership agreement plaintiff's share of the profits was to be applied upon this note. When the note fell due, plaintiff claimed that under this agreement he was entitled to a credit upon said note of one-half the amount of the profit realized upon the sale of the Crown Point and Pinnacle mines, or $5,000, and the further sum of $436.51, as a balance due him upon said partnership account, and after the note became due, and upon the 28th day of November, 1883, he tendered the sum of $7,000 in settlement of said note, which amount was refused by Breene, who maintained that the profits from the sale of the Crown Point and Pinnacle should not be included in the partnership account. This issue was, however, submitted to a jury, and decided in favor of the plaint-

iff, but before a final hearing the controversy shifted to other grounds. The tender of November 28th was made by a certified check, which check was afterwards deposited with the judge of the court below " for the purpose of keeping the tender good." Shortly thereafter, and before the case came to trial, Breene, learning that the bank was in a failing condition, for the purpose of preserving the fund, withdrew said check, and presented it to the bank for payment. Upon presentation payment was refused, and thereupon Breene brought suit against the bank upon the check. The bank being insolvent, the plaintiff claimed that the loss of the amount of the check should fall upon Breene. The court below decided against the plaintiff upon this issue, and decreed the cancellation of said note and trust deed, but only upon condition that the said sum of $7,000 should be paid the defendant Breene within ninety days from the date of the decree. The plaintiff excepted to so much of the decree as was adverse to him, and brings the case here upon error.

Messrs. CLINTON REED and J. M. MAXWELL, for plaintiff in error.

Messrs. PATTERSON & THOMAS, for defendants in error.

MR. JUSTICE HAYT delivered the opinion of the court.

The tender made by Larsen to Breene upon the 28th day of November was by check of the latter for $7,000, certified by the Merchants' & Mechanics' Bank of Leadville. As Breene made no objection to the medium of the tender at the time, but refused to accept the check for the sole reason that it was insufficient in amount, he thereby waived all objection to the form in which the tender was made. *Stokes v. Recknagel*, 38 N. Y. Sup. Ct. 368; *Whelan v. Reilly*, 61 Mo. 565. It is contended, however, that this check was insufficient in amount, and that for this reason the tender was not good; but the

court below found that at the time this tender was made there was due from Larsen to Breene, upon the former's note, the sum of $7,000 only, and that consequently the tender was sufficient in amount; and, as the bill of exceptions does not purport to contain all the evidence upon this issue, we must presume that the finding of the trial court was sustained by the evidence introduced at the trial. After making the tender as aforesaid, it appears that this certified check was retained by Larsen until the present suit was instituted, at which time it was handed to and deposited with the judge of the court below "for the purpose of keeping said tender good;" and at the time this check was certified Larsen had on deposit at the bank more than sufficient funds to cover the amount of the check; but soon after the check was deposited with the judge as aforesaid the bank failed, causing the loss of the fund, and appellant claims that such loss is Breene's and not his; that, by the tender of November 28th and the subsequent deposit of the check with the judge of the trial court, he was relieved from the payment of his note.

The law of tender is based upon the principle that the debtor is at all times ready and willing to pay the amount which he acknowledges to be due, and therefore it would be unjust to allow the creditor to subject him to the payment of the costs and expense of a suit having in view the enforced payment of a debt which the debtor is willing to pay without suit. A valid tender does not discharge the debt, but relieves the debtor from subsequent interest upon the demand and costs in case of suit. If the check tendered by Larsen had not been certified by the bank, it could only be treated as a conditional payment of the debt if it had been accepted by Breene; the implication of law, in the absence of an express contract to the contrary, being that it is only to be regarded as a payment of the debt if cashed, or unless loss be sustained by the drawer from the laches of the holder, in which

case the debt will be discharged *pro tanto* to the loss sustained.    2 Daniels, Neg. Inst. § 1623; *Heartt v. Rhodes*, 66 Ill. 351; *Blair v. Wilson*, 28 Grat. 171.    It is to be borne in mind in this case that the drawer procured the certification of the check before presenting the same, and in such case we see no reason for holding Breene to any greater accountability by reason of such certification by the bank.    A check taken under such circumstances is not to be regarded as so much cash taken in absolute payment of the antecedent debt, but is like an uncertified check — a mere evidence of a debt due from the drawer and a conditional payment of the same.    2 Daniels, Neg. Inst. § 1626; *Bickford v. Bank*, 42 Ill. 238; *Rounds v. Smith*, 42 Ill. 245; *Brown v. Leckie*, 43 Ill. 497.

Counsel in argument have attached considerable importance to the fact that Breene, upon hearing of the failing condition of the bank, procured the check, and presented the same for payment, and, upon payment being refused, commenced suit against the bank upon the check.    It is unreasonable to suppose that Breene changed his mind, and was willing to accept the check, upon learning of the failing condition of the bank, which he had refused to accept while the solvency of the bank was beyond question.    From the evidence the court below found "that said Breene, in taking said check and commencing said suit against said Merchants' & Mechanics' Bank, was acting under the advice of counsel, and with the intention only of saving and preserving said sum of $7,000 for the benefit of him to whom the same should be awarded by the judgment of the court in the case, and that at the time he took said check and commenced said suit said Merchants' & Mechanics' Bank was known to be in a failing and insolvent condition."    This finding, which is clearly supported by the evidence, brings the case within the rule laid down in *Atkinson v. Tabor*, 7 Colo. 452.    In that case money and securities on deposit in a bank were withdrawn by a party having a contin-

gent interest therein, and deposited elsewhere for safety, the bank being in failing circumstances, and the depositor having refused to consent to a change of the place of deposit, and the court held that such withdrawal did not constitute an acceptance of the fund withdrawn, no actual appropriation thereof being intended. In the case at bar, as Breene appears to have been acting in good faith for the preservation of the fund, and without any intention of appropriating the same, we do not think his acts constitute a waiver of his claim for payment upon the note, nothing having been realized by him from the bank.

The court committed no error in refusing to decree a cancellation of the deed of trust. There is some contrariety of opinion as to whether the tender made after the law day, or the day on which the debt falls due, operates as a release of the security in case the tender is pleaded' as a matter of defense; but when the party seeking the benefit of a tender comes into a court of equity asking for affirmative relief, it is well settled that he must pay the debt, and no redemption of the incumbered property will' be decreed unless such payment be made. *Cowles v. Marble,* 37 Mich. 158; *Tuthill v. Morris,* 81 N. Y. 94. Perceiving no error in the record the judgment must be affirmed.

*Affirmed.*