EDWARDS, APPELLANT, v. HARVEY, APPELLEE.

1. DRAFT, WHEN NOT PAYMENT.

The defendant sent a draft to plaintiff, as a payment on account. It was not paid, and plaintiff was guilty of no laches in his efforts to collect, but returned it within a reasonable time. *Held*, that defendant was not entitled to credit for its amount.

2. JUDGMENT WHEN ADMISSIBLE IN EVIDENCE.

In an action on an account, evidence of a judgment previously obtained by the plaintiff against the defendant, included in the account, is admissible, where it appears that the judgment was obtained at the request of the defendant, and upon an understanding that he was to pay a certain portion monthly and not to be pressed for payment in full.

3. OBJECTIONS AND EXCEPTIONS, WHEN NECESSARY.

No objection to testimony will be considered on appeal when the evidence was admitted without objection or exception.

*Appeal from the District Court of Lake County.*

THE facts are stated in the opinion of the court.

Mr. J. E. HAVENS and Mr. A. T. GUNNELL, for the appellant.

No appearance for the appellee.

RICHMOND, P. J., delivered the opinion of the court.

By the record in this case it appears that plaintiff sought to recover from the defendant the sum of $1,836.46, with interest, balance of an account for goods sold and delivered to defendant, for moneys paid out, and for services rendered.

To the complaint the defendant answered denying the allegations, and interposed a counterclaim, alleging that the plaintiff was indebted to him, the defendant, in the sum of $304.65.

Plaintiff replied, denying the allegations in the counterclaim, and alleged that an account was stated between the parties and a balance found to be due plaintiff from defendant in the sum of $1,836.46, which defendant agreed to pay.

The pleadings in this case, as appears by the record, stand unchallenged. And, although the record fails to disclose whether the case was tried to the court without a jury, we are warranted in assuming that such was the fact. The cause appears to have been thoroughly tried, and a large amount of credits agreed to upon both sides. After hearing all of the testimony the court found for the plaintiff to the amount of $1,887.33. To reverse this judgment defendant prosecutes this appeal.

During the progress of the trial a transcript of a certain judgment previously obtained by the plaintiff against the defendant and one H. C. Henry was offered in evidence, and also testimony with reference to another judgment and costs thereof, which it was claimed Edwards was personally responsible for.

Two propositions are argued by counsel for appellant: First. The court erred in permitting the plaintiff to introduce evidence of and concerning the judgments. And, second,

that the court erred in allowing plaintiff credit for the sum of $80.

It is insisted that a draft was given to the plaintiff for the sum of $80 by the defendant, and that plaintiff neglected to collect the amount of the draft, and also neglected to return the same to the defendant. That by his laches the amount of the draft was lost to the plaintiff, owing to the subsequent insolvency of the parties upon whom the draft was drawn.

We do not think that appellant is in a position to object to the introduction of evidence concerning the judgments. So far as one of the judgments is concerned, it was obtained upon an agreement made between Harvey and Edwards, and we think it can be said that the evidence shows that it was obtained at the request of Edwards, with the understanding that he would pay it as soon as possible, and with the additional understanding that he was not to be pressed for payment in full, but was to pay a certain portion monthly. The amount of the judgment was included in the account and, under the circumstances, evidence concerning it was clearly admissible.

As to the testimony concerning the second judgment, the record discloses no objection or exception to the testimony with reference thereto. Consequently, it is not in this case for our consideration. Besides this, we are clearly of the opinion that it was the duty of the plaintiff to unite in this action all the items of account against the defendant, and that the evidence relative to the judgment was admissible.

In regard to the question raised concerning the draft, sufficient evidence appeared to warrant the court in concluding that the plaintiff had not been guilty of laches in his efforts to collect the same, and also that he had within a reasonable time after endeavoring to collect it returned it to the defendant. And from the meager record we are unable to conclude that an unreasonable time had elapsed between the receipt of the draft and the return thereof. In truth we are prepared to say that there is no question properly presented for our consideration which would warrant us in disturbing

the judgment. On the contrary, we are strong in our belief that the differences between the parties were justly and equitably dealt with by the trial judge.

The judgment must be affirmed.

BISSELL, J., having been of counsel, not sitting.

*Affirmed.*