## No. 9854.

## FIRST NATIONAL BANK OF ZILLAH *v.* BRUEN-FISHER FRUIT CO.

Decided June 6, 1921.   Rehearing denied November 7, 1921.

Action in attachment involving the ownership of proceeds of a draft.   Judgment for plaintiff.

### *Reversed.*

1. BILLS AND NOTES—*Drafts—Ownership.* Judgment reversed on authority of *Union National Bank v. Maines-Hough Motor Co.,* 70 Colo. 132 and *Manatee County State Bank v. Bruen-Fisher Fruit Co.,* 70 Colo. 342.

*Error to the District Court of the City and County of Denver, Hon. C. J. Morley, Judge.*

Messrs. HUGHES & DORSEY, Mr. W. M. BOND, Mr. WALTER M. CAMPBELL, for plaintiff in error.

Mr. ARCHIBALD A. LEE, for defendant in error.

*Department One.*

MR. JUSTICE TELLER delivered the opinion of the court.

THIS cause is before us on error to a judgment of the district court of the City and County of Denver in an action in which the defendant in error was plaintiff, and Pennington and Company, a corporation, was defendant. The plaintiff in error was an intervener. The said defendant, having drawn a draft upon the defendant in error for the proceeds of a car of apples, assigned said draft, with a bill of lading for the apples attached, to the plaintiff in error. The draft having been forwarded to the First National Bank of Denver for collection, the fruit company paid the same, and immediately garnished the money as the money of Pennington and Company in an action in which damages were claimed from Pennington and Company because of a failure to ship certain apples, as agreed. Pennington and Company made default, and judgment was accordingly entered against them.

On a trial of the issue between the fruit company and the intervening bank, evidence was introduced in behalf of the bank, by deposition of the president of Pennington and Company, to the effect that said company had, weeks prior to the shipment of said carload of apples, by writing duly executed, assigned to the said National Bank of Zillah "all claims, demands and moneys that shall become due on account of fruit which we may, during the season of 1918 sell, and which fruit we will buy at Yakima, Washington, during the season of 1918, south of Union Gap, in said Yakima county, Washington." He further testified that the said draft and bill of lading were transferred to the

said bank, and that Pennington and Company received immediate credit therefor; that at the time of said credit Pennington and Company was indebted to the bank in a sum largely in excess of the amount of the draft; that there was no arrangement or agreement by which the draft, if not paid, was to be charged back; that the bank had no security for the amount owed it by Pennington and Company, but that when it was learned that the proceeds of the draft were detained in Denver by reason of said garnishment, Pennington and Company gave to the bank its promissory note for the amount of the draft, with an understanding that when the proceeds of the draft were received by the Bank of Zillah, they would be credited upon the note; that Pennington and Company has at all times since the date of the draft been indebted to said bank.

The cashier of the bank testified to the same effect. This witness also testified that the indebtedness to the bank, when the draft was given, exceeded the amount of the draft; that the bank gave Pennington and Company full credit for the draft on the amount of the indebtedness, and gave the same as a consideration for the draft; that the draft had not been charged back, but that the note was taken, as stated by Pennington, with the understanding to which he had testified; and, further, that Pennington and Company had not yet paid the bank's advances, and was still largely indebted to the bank; that the books of the bank show that the draft was credited on the day succeeding the date of the draft; that the bank was the owner of the draft when forwarded to Denver.

Both parties having moved for a directed verdict, the court directed a verdict for the plaintiff, and entered judgment accordingly. This direction of a verdict is assigned as error.

The legal propositions involved are substantially the same as those in *Union National Bank v. Maines-Hough Motor Co.*, 70 Colo. 132, 197 Pac. 753, decided at this term and in *Manatee County State Bank v. Bruen-Fisher Fruit Co.*, 70 Colo. 342, 201 Pac. 560, decided at this term. The

evidence is conclusive that the bank purchased the draft, and owns the proceeds of it.

The judgment is therefore reversed with directions to enter judgment for the intervener.

MR. JUSTICE BAILEY, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE ALLEN concur.