## No. 10,484.

FIRST NATIONAL BANK OF EADS *v.* FLEMING STATE BANK.

Decided November 5, 1923.    Rehearing denied January 7, 1924.

Action on bank check.    Judgment for defendant.

### *Affirmed.*

1.  BANKS AND BANKING—*Checks*—*Deposit or Sale.* When a check is indorsed in blank and placed in a bank other than the one upon which it is drawn, whether the transaction constitutes a sale or merely a deposit for collection, depends upon the facts and circumstances attending the transaction.

2.    *Checks Deposited.* As a general rule, checks or other papers deposited in a bank for collection, remain the property of the depositor.

3.   *Checks Deposited.* In Colorado, the general custom and understanding is, that when a customer deposits in his bank checks drawn on another bank, they are received for collection, and are charged to the customer's account if dishonored, a right recognized by the law merchant.

4.   *Checks Deposited—Sale or for Collection—Evidence.* In an action on a bank check the evidence is reviewed, and it is held that the transaction under consideration constituted a deposit of the check for collection, and not a sale.

5.   DEBTOR AND CREDITOR—*Remedies.* Where a creditor has a remedy against two or more debtors and gets full satisfaction from one, whether the debt be joint or several, this operates as a discharge of all.

*Error to the District Court of Logan County, Hon. H. E. Munson, Judge.*

Mr. JOHN H. VOORHEES, for plaintiff in error.

Messrs. COEN & SAUTER, for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

A. C. CUNNINGHAM drew his check on the defendant Fleming State Bank for $1000, payable on demand to L. A. Poinsett. Poinsett left this check with the plaintiff, the First National Bank of Eads, to hold for further instructions, later given, which were that, if plaintiff was satisfied that the check was good, to supply the endorsement thereof, and remit the amount of the check to the Hartman State Bank to the credit of Dean Doyle—apparently as a payment on a land deal. Pyles, the cashier of plaintiff, told Poinsett he had received from the defendant drawee a telegram that the check would be honored, whereupon he endorsed the same for Poinsett, sent his cashier's check for the amount to the Hartman Bank as directed, forwarded the Cunningham check to its correspondent, the First National Bank of Pueblo, and the latter presented it to the drawee for payment, which was refused by direction of the

drawer.   The check was then returned to the plaintiff bank dishonored, and plaintiff at once charged the same back to Poinsett's account, he being a customer of the bank, and notified Poinsett thereof, to which charging back the latter objected.    Thereupon, at Poinsett's suggestion, plaintiff again sent the check for collection to the defendant drawee, Poinsett's account being again credited therewith; it was then returned a second time under the same conditions, and the account of Poinsett was again charged therewith and the instrument was cancelled.    Poinsett's bank account ever since has remained in that condition, though he has objected thereto.    Plaintiff's books show a deposit by Poinsett of $1,000 shortly after the last charge of that sum was made on the books of the bank against him, the purpose of which deposit the cashier is unable to explain, and Poinsett is silent about it, though he was a witness at the trial.

Plaintiff's theory of the case, upon this state of facts, is that the transaction was a sale, not a deposit for collection merely, and therefore plaintiff became the owner of the check and held the legal title which enabled it to maintain this action against the acceptor upon its failure to pay on presentation.   Defendant's theory is that the transaction was not a sale, but a deposit for collection only, but, if a sale, and if the check which was dishonored by the acceptor, caused a loss to the plaintiff, the latter was fully reimbursed and obtained full compensation for the loss by charging the amount thereof to the account of Poinsett, which, in legal effect, was a payment by Poinsett to the plaintiff of $1,000 in money.

Trial was to the court without a jury, upon whose findings in defendant's favor the action was dismissed.   No specific findings of fact were made, but the opinion of the trial court brought up in the record shows that the court concluded that plaintiff was not the real party in interest, had no interest at all in the check when the complaint was filed, having been fully paid for the loss it sustained in sending its cashier's check by charging back the same to

Poinsett's account when the Cunningham check was returned dishonored. Upon the record the court was justified in finding from the evidence: (1) That if the transaction was a sale, plaintiff having suffered no loss by its connection with the check, and not being its owner, could not maintain the action; (2) that by the acts and conduct of plaintiff and Poinsett, Poinsett did not sell or intend to sell, and plaintiff did not buy or intend to buy, the check, and there was no intention of the parties to transfer the check from Poinsett to the plaintiff bank, which never passed from, and still remains the property of, the payee. We take up these findings or assumptions of the court in inverse order.

1. The authorities are not in harmony upon all of the legal questions argued by counsel. The undisputed facts do not bring the case within the rules invoked by the defendant. When, as here, a check is endorsed in blank by the payee, and placed in a bank other than the one on which it is drawn, whether such a transaction constitutes a sale of the check to the first bank or is merely a deposit for collection, depends upon the facts and circumstances attending the transaction. If it is a sale, title passes to the bank in which the deposit is made. If it is for collection only, or the check is deposited as a check, the relation of debtor and creditor does not arise, and the check remains the property of the depositor, and is in the hands of the bank as his agent for collection, with title still in the payee, and not in the endorsee. 7 C. J. § 245, pp. 597-599, where it is said in such circumstances: "As a general rule, checks and other papers deposited in a bank for collection remain the property of the depositor." *Downey v. National Exchange Bank,* 52 Ind. App. 672, 96 N. E. 403; *Morris-Miller Co. v. Von Pressentin,* 63 Wash. 74, 114 Pac. 912.

In this state the general custom and understanding is, that when a customer deposits in his bank checks drawn on another bank, they are received for collection, and are charged to the customer's account if dishonored. Some banks, by way of precaution, print upon their deposit slips

notice to this effect.   The banks generally, in the absence
of special notice, regard such transactions as deposits for
collection, and even when credited to a checking account,
the right recognized by the law merchant to charge back
to the account a dishonored check, is exercised.   *Town of
Manitou v. First Nat. Bank of Colorado Springs,* 37 Colo.
344, 356, 86 Pac. 75.   The authorities seem to be in accord,
moreover, that a transaction like the one before us, if con-
sidered *prima facie* a sale, which we do not find it necessary
to decide, is always open to proof that it was only a deposit
for collection, and this leads to a consideration of the other
ground on which the trial court might have held, or was
justified in holding, for the defendant.

2.   The acts and conduct of Poinsett, the payee, and of
the plaintiff endorsee, are inconsistent with a sale, but are
consistent with a deposit for collection.   When the check
was left with plaintiff the direction was to hold for further
instructions.   It was not then endorsed.   The further in-
struction was that if plaintiff was satisfied the check·was
good, to endorse it and remit the proceeds as stated.   When
the check was returned to plaintiff dishonored by the ac-
ceptor, it was charged back to Poinsett's account.   Plain-
tiff, at Poinsett's direction, sent it a second time to the
drawee for collection, and when it was returned again dis-
honored, charged it back a second time and cancelled it as
paid.   Under our decision in the Manitou Case the plaintiff
had a right to charge back the check.   Poinsett's objection
thereto is not important, for the bank did what it had a
legal right to do without his consent.   If the plaintiff
bought this check, it would not be likely to follow Poinsett's
instructions how to handle its own business and how to
deal with its own property.   The conduct of both of them
is inconsistent with a sale.   Their acts and conduct show
that they recognized that the deposit was for collection and
they consistently adhered to that theory until later this
action was brought by the plaintiff bank evidently for the
protection of its own depositor.   Upon either of the find-

ings or assumptions of the trial court, the judgment was right.

When the drawee, the Fleming Bank, returned the check dishonored to the plaintiff bank, endorsee of the payee, Poinsett, plaintiff had its election to sue the drawer, Cunningham, the drawee, Fleming Bank, which failed to pay after acceptance, or the payee, Poinsett, on his endorsement, either jointly in one action, or separately in different actions. Naturally the bank chose the cheaper and speedier remedy out of court and charged back the check to the account of its customer, Poinsett, for the amount of the loss it sustained. Where a creditor has a remedy against two or more debtors and gets full satisfaction from one, whether the debt be joint or several, this operates as a discharge of all. It makes no difference if the satisfaction against the one is received without a lawsuit. Satisfaction in that way is just as much satisfaction, and as effectually releases or discharges the other debtors as if obtained through a paid judgment rendered in a lawsuit. Physical possession of the check by the plaintiff and the other facts in evidence may show at one time a *prima facie* title in the plaintiff, and its right to bring suit upon it, had it seasonably exercised its right, or had it not waived the same; but when the plaintiff brought this action it had no title or interest in the check. As to it, the check was paid. Poinsett was entitled to it on demand, and the evidence sufficiently discloses that plaintiff tendered it to him and stands ready to deliver it at any time. The trial court thus aptly illustrates the injustice of permitting the plaintiff, who had no interest in the check, to maintain this action, even if it was at the request of, and for the benefit of, Poinsett. "A defendant may have a complete defense as against the action, when brought by the real party in interest, and would be without any defense to an action when brought by some other person. A clear example of that appears in this case. The defendant in this case may have a perfect defense as against Poinsett, but apparently has no defense at all against the plaintiff who brought this action, if the plain-

tiff can maintain the action without having any interest."
The judgment is right and is affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE SHEAFOR
concur.