## No. 10,970.

### SCULLY *v*. DENVER NATIONAL BANK.

Decided November 10, 1924.

Action on bank check. Judgment for plaintiff.

### *Affirmed.*

### *On Application for Supersedeas.*

1. BILLS AND NOTES—*Bank Check—Deposit.* A check deposited with a bank and credited to the account of the depositor, upon which he drew from time to time, held a sale and not a deposit for collection.

2. BANKS AND BANKING—*Bank Check—Transfer.* Where one drew a check on a foreign bank and deposited it with his local bank, receiving credit therefor, and this bank in turn negotiated it to a third bank for a valuable consideration, it is held there was a sale to the latter, and that it could maintain suit on the check against the original drawer.

*Error to the District Court of Logan County, Hon. L. C. Stephenson, Judge.*

Messrs. COEN & SAUTER, for plaintiff in error.

Messrs. PONSFORD, PENDER & LARWILL, for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS is an action by the Denver National Bank against defendant Scully on a bank check which the latter drew upon the Drovers National Bank of Denver, payable to the order of himself, and on the same day "negotiated by endorsement" to the Sterling National Bank of Sterling, Colorado, which bank credited the amount thereof upon its books to Scully's account on which he drew from time to time. On the next day the Sterling bank, quoting from

the complaint, "negotiated said check to plaintiff (Denver National Bank) by endorsement, and on said date the plaintiff credited said Sterling National Bank upon its books for said amount of One Thousand ($1,000.00) Dollars and on said date plaintiff paid out said sum of One Thousand Dollars for the account of said Sterling National Bank." The court below gave judgment for the plaintiff bank and Scully is here with his writ of error.

The question for decision is whether the transaction amounts to a purchase of the check by the Sterling bank or merely a deposit for collection, and, as between the Sterling bank and the Denver bank, whether there was a purchase for a valuable consideration. We think this case is ruled by *Union National Bank v. Motor Co.*, 70 Colo. 132, 197 Pac. 753; *Manatee Bank v. Fruit Co.*, 70 Colo. 342, 201 Pac. 560; *First National Bank v. Fruit Co.*, 70 Colo. 345, 201 Pac. 561, and not by the *First National Bank v. Fleming State Bank*, 74 Colo. 309, 221 Pac. 891. In the Motor Company Case it was held that where one unconditionally deposits drafts with a bank of which he is a customer and receives credit therefor and checks against the amount in regular course of business, the bank becomes the owner of the fund and the transaction is a sale and not a deposit for collection. The same doctrine is announced in the other two cases. In the Fleming Bank Case it was held that where a check is endorsed in blank by the payee and placed in a bank other than the one on which it is drawn, whether such a transaction constitutes a sale of the check to the first bank, or a deposit for collection only, depends upon the attending facts and circumstances. In the latter case it was held that the transaction was a deposit for collection and not a sale. The court there did not decide that such a transaction was, or was not, *prima facie* a sale, because it was not necessary to a determination of the case, and because such a transaction is always open to proof to show its real nature, and the proof was clear that both parties considered the check was endorsed for collection.

The evidence here is, and the court below so found, and the complaint alleges, and the answer admits by failing to deny, that the defendant on the day he drew the check on the Denver Drovers Bank "negotiated" the same, by endorsement to the Sterling bank, and the Sterling bank credited the defendant with the amount of the check on its books. Section 3847, C. L. 1921, says that a negotiable instrument is "negotiated" when it is transferred from one person to another in such manner as to constitute the transferee the holder, and if it is payable to order it is negotiated by the endorsement of the holder completed by delivery. This allegation of the complaint was not denied. The title to this check was passed by the defendant when he "negotiated" it to the Sterling bank. The evidence also is that the drawer Scully was given credit on the books of the Sterling bank and was allowed to, and did, draw upon his account, thus augmented, in regular course of business.

The transaction between the defendant and the Sterling bank, being a sale and not a deposit for collection, it is doubtful if the defendant can be heard to assert that there was not a sale of the check by the Sterling bank to the Denver bank, and that the latter received it merely for collection from the drawee, which refused payment because the drawer, the defendant, ordered the drawee to stop payment before the Denver bank presented it. But if defendant can now be heard, there is no merit in his defense. If the defendant parted with title to the check when he negotiated it and got credit for it by the Sterling bank, and if there was a sale by the Sterling bank to the Denver bank, certainly the defendant drawer is liable. He seeks to escape liability upon the ground that it was the existing usage and custom between the Sterling bank and the Denver bank, when the former forwarded its checks to the latter, that the transaction was to be deemed for collection only, and, in the event of failure to collect, the Denver bank might charge back uncollected items to the Sterling bank. We do not think there was sufficient, or

any, evidence of any such custom or agreement to defeat plaintiff in its right of recovery. What evidence there is upon the subject is just as consistent with the plaintiff's theory, that in this transaction it looked to the Sterling bank for reimbursement as an endorser or seller, in case the check was dishonored by the drawee, as it is with the defendant's theory, that such a transaction constituted a deposit for collection and not a sale. In the absence of any satisfactory proof of such custom or agreement, and upon the positive evidence of the Collection Department of the Denver bank that this check was actually bought by it from the Sterling bank and not received for collection, and that the account of the Sterling bank with the plaintiff bank was overdrawn by the latter after the check in question was purchased, more than its amount, the doctrine of the *Union National Bank v. Motor Company* and other cases, *supra,* is directly in point in favor of the decision below, since the court on the evidence, if really in conflict, found the facts to be in legal effect the same as in those cases.

The application for supersedeas is therefore denied and the judgment is affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE SHEAFOR concur.