## No. 11,302.

PETERSON *v.* FIRST STATE BANK OF HILLROSE.

Decided May 24, 1926.

Action on promissory note.  Judgment for plaintiff.

*Affirmed.*

1.  BILLS AND NOTES—*Consideration.*  An indebtedness owing by the maker of a note to a bank is a sufficient consideration for the note.

2.       *Check.*  A bank check presented, stamped paid and charged to the drawer who had sufficient funds to cover it, is not dishonored, and the endorsement is discharged, since the drawer stands behind the endorsement.

3.  BANKS AND BANKING—*Check—Deposit.*  Whether a check endorsed by the payee and deposited in a bank is accepted as payment on a note, or for collection, depends on the circumstances of the case. The presumption is that it is not received in payment.

4.  BILLS AND NOTES—*Check—Payment.*  Where a check is endorsed and delivered by the payee to a bank with instructions to ''apply this check on note,'' it is held, under the facts disclosed, that the check was not accepted as payment, but for collection only.

5.  BANKS AND BANKING—*Check—Collection.*  Where a bank accepts a check for collection, c. 64, S. L. '23, relieves it and its agents from liability for accepting a draft in payment in lieu of cash.

6.       *Check—Collection—Fraud.*  Representations of a bank in connection with the collection of a check, held inconsequential, under the facts disclosed, and the exclusion of evidence tending to show fraudulent intent, not error.

7.  BILLS AND NOTES—*Collection—Diligence.*  Where every holder of a check deposited for collection, acted on the day ·after it was received, there was no lack of diligence in collection.

*Error to the District Court of Morgan County, Hon. L. C. Stephenson, Judge.*

Mr. ARLINGTON TAYLOR, for plaintiff in error.

Mr. LEONARD E. ANDERSON, Mr. WILLIAM B. PAYNTER, for defendant in error.

Mr. STOTON R. STEPHENSON, amicus curiae.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE bank had a directed verdict and judgment against Peterson on a promissory note and he brings error. There were several defenses pleaded, but they all amounted to want of consideration. The consideration, if any, was an indebtedness from Peterson to the bank on a previous note which he claimed had been partly paid by a check for $722.65, drawn on the First National Bank of Sterling, payable to him, which had been endorsed to plaintiff bank by him.

The facts are substantially as follows: Peterson was a depositor in the plaintiff bank. In December, 1923, he gave the bank his three months note for $1,625. March 29, 1924, at Snyder, Colorado, his post office, he received the check above mentioned, which he at once endorsed and remailed to the plaintiff with direction to "Apply this check on note.  *  *  *" On Monday, March 31st, at the opening of the bank, the cashier endorsed the amount of the check on the note, endorsed the check to the United States National Bank of Denver and mailed it to that bank at Denver. On Tuesday, April 1st, the United States National endorsed it to the Federal Reserve Bank of Denver. On the same day it was sent to the drawee bank at Sterling, where the drawer then and continuously thereafter had a balance sufficient to cover it. April 2nd, in payment of this check, the drawee mailed to the Federal Reserve Bank its draft on the Colorado National Bank of Denver. On April 4th the Federal Reserve Bank presented this draft to the Colorado National Bank but payment was refused because

the Sterling bank had closed. The cashier of the plaintiff bank, it is claimed, without giving Peterson full information, told him by telephone that the check was not good. On the following Monday defendant called at the bank, was not then given full information and signed the note in suit to get the books "to show up right." The note was for the amount of the check which had been endorsed on the old note.

If defendant was indebted to the bank when this note was given, there was consideration for the note. He was indebted, if either (1) the check had been dishonored so that he was liable on his endorsement, or (2) the check was not given in payment, in which case he was still liable for the amount endorsed on the old note.

The check was not dishonored. The funds were there when it was presented, it was stamped paid and charged to the drawer which amounted to payment by him, and so, since the drawer stands behind the endorser, defendant's endorsement was discharged.

Was the check endorsed and delivered by Peterson and received by the plaintiff bank in payment on the note? The rule is that the answer depends on the circumstances of each case (*National Bank v. State Bank*, 74 Colo. 309, 221 Pac. 891), but the presumption is that the check is not received in payment. *Larsen v. Breene*, 12 Colo. 480, 483, 484, 21 Pac. 498; *Edwards v. Harvey*, 2 Colo. App. 109, 111, 29 Pac. 1024; *First National Bank v. Newton*, 10 Colo. 161, 171, 14 Pac. 428; *Lomax v. Colorado Nat. Bank*, 46 Colo. 229, 237, 104 Pac. 85; *Globe Company v. Taylor*, 61 Colo. 430, 440, 158 Pac. 717.

The vital question, then, is: What was the contract between Peterson and the plaintiff bank on delivery of this check? It is evidenced solely by the written words "Apply this check on note." These words are consistent with either theory of the case; they may mean "apply this check in part payment on note" or "apply this check on note when collected." Consequently we must

logically say that the presumption that it was not in payment has not been overcome, and it must be said to have been taken for collection.

When, however, the check was presented to the drawee bank for payment, the holder, the Federal Reserve Bank, accepted a draft in lieu of cash, which but for our statute, or some special agreement, would be negligence per se, and would subject the holder to liability for the amount. *Federal Reserve Bank of Richmond v. Malloy*, 264 U. S. 160, 44 Sup. Ct. 296, 68 L. Ed. 617, 31 A. L. R. 1261.

The statute (S. L. 1923, ch. 64, p. 172), is as follows: "Any bank * * * doing business in this state receiving for collection or deposit any check * * * drawn upon or payable at any other bank * * * may forward such instrument for collection directly to the bank * * * on which it is drawn or at which it is made payable, and such method of forwarding such check * * * for collection or payment shall not be deemed negligence, nor shall it be deemed negligence for such collecting bank to accept from the bank * * * upon which such check * * * is drawn * * * its draft upon any other bank * * * as a means toward making such collection, unless instructed otherwise by the holder or depositor of such check," etc.

Since the check was taken for collection and the several holders under the plaintiff were its agents, the statute relieves them all and the plaintiff from liability for the taking of the drafts in lieu of cash.

The plaintiff in error claims that the cashier of the plaintiff bank deceived him by concealing the facts that the check had been paid and that it was the draft given in payment that had been dishonored, and that therefore the note was procured by misrepresentation and so invalid. We think the deceit, if any, is without consequence. The real substance of the representations was that Peterson was still liable to the bank for the amount of the check, and that, as we have shown above, was true.

The reasons said to have been given, that the check was not good and that the cashier wanted to make his books look right, may both have been true, but if untrue, were immaterial. This disposes of the question of the rejection of the evidence tending to show fraudulent intent.

There was no lack of diligence in collection; every holder acted on the day after it received the check or sooner. *Lewis, Hubbard & Co. v. Montgomery Supply Co.*, 59 W. Va. 75, 52 S. E. 1017, 4 L. R. A. (N. S.) 132, 134; *Alexander v. Burchfield*, 1 Car. & M. 75.

Judgment affirmed.