No. 12,051.

McAloon *v.* Ericson, et al.

Decided October 15, 1928.

Mr. Frank D. Allen, for plaintiff in error.

Mr. Stoton R. Stephenson, for defendants in error.

*Department Two.*

Mr. Chief Justice Denison delivered the opinion of the court.

The Ericsons had judgment on trial to the court in an action brought by them against McAloon and one Barnhart for failure to deliver a tax sale certificate which

Spencer Ericson claimed he had bought and paid for on defendant McAloon's promise to assign it to Daisy Ericson.

The facts are hardly in dispute. McAloon owned the certificate and deposited it with Barnhart, county treasurer, for proceedings to get a tax deed. Ericson wanted to get an assignment of it and Barnhart telephoned McAloon who told him he would assign "to get the money," or "if he got the money." Ericson suggested he would give his check and then the certificate be held *"until the money was received in payment of the check."* He left the check payable to McAloon, drawn on the Cheyenne State Bank of Cheyenne. McAloon came in and Barnhart told him that his agreement with Ericson was that the certificate was to be held *"until the money was received in payment of the check."* McAloon received the check and signed the endorsed assignment and left the certificate to be held *"until the money was received on the check."* Nothing was said about how the money should be obtained on the check.

Two weeks later Ericson .demanded the certificate of Barnhart who refused to surrender it because the money had not been received for it.

When McAloon received the check he took it to the First National Bank of Akron and gave it to the cashier and told him "to get the money on it" (as the cashier testifies) and "when he got the money on it to let me know and I would tell Barnhart and he would send this man the certificate." (As McAloon testified) "to get the money and send the check direct" (as the cashier testified at fol. 138). He gave the banker no instructions as to how he should collect the check and received no credit for it. The bank sent the check to the drawee bank at Cheyenne saying "Please remit with draft," and later told McAloon that they had taken a draft on the United States National Bank at Denver which was dishonored because the Cheyenne Bank had failed. Still later Barnhart surrendered the certificate to McAloon.

The evidence shows, and the court found, that the agreement was that the certificate was to be held until the money was received on the check; the money was never received, and McAloon claims that therefore there was no duty to deliver the certificate. But Ericson claims that McAloon should have demanded cash of the Cheyenne bank and if he had he would have received the money. That is right. It is unquestionable that the holder of a check takes other than cash at his own risk (*Peterson v. Bank*, 79 Colo. 494, 246 Pac. 784; *Ward v. Smith*, 7 Wall. 451, *Federal Reserve Bank v. Malloy*, 264 U. S. 160, 165, 44 Sup. Ct. 296), and if his agent does so he must stand it, and that the Akron bank was Mc-Aloon's agent, and if the bank, having been instructed to get the money, took the draft at its own risk that fact is irrelevant here because McAloon is responsible to Ericson for the bank's act though it acted against his instructions. This is not the ordinary case of a special agent with limited authority, and there is no question here of implied or constructive agency. McAloon was performing his part of the contract which he must be said to have made when he took the check, that he would use the ordinary and usual course to get the money on it and he could not shift upon any agent his responsibility for the duty which he owed to Ericson to do that.

It is claimed that because the bank, if it had not been instructed otherwise, would have had the right, under S. L. 1923, c. 64, p. 172, to take the draft in lieu of cash McAloon had the same privilege, but the statute alters the common law rule on that point only as to banks.

It is requested that we decide the case on the motion for supersedeas.

The judgment is affirmed.

Mr. Justice Campbell, Mr. Justice Butler, and Mr. Justice Walker concur.