L. A. ANDREW, State Superintendent of Banking, Appellee, v. FARMERS STATE BANK OF BATAVIA, Appellee; PEOPLES TRUST & SAVINGS BANK OF CHICAGO, Intervener, Appellant.

BANKS AND BANKING: Insolvency—Preference Under Worthless Collection. The remittance of a draft to a bank with direction to "collect and remit," and the act of the collecting bank in receiving a worthless draft in payment, present no possible basis for a preference in payment in case the collecting bank becomes insolvent.

Headnote 1:   7 C. J. p. 627 (Anno.)

*Appeal from Jefferson District Court.*—E. S. WELLS, Judge.

FEBRUARY 8, 1927.

OPINION ON REHEARING MAY 6, 1927.

· The intervener appealed from the denial of its claim for a preference in the distribution of the assets of an insolvent bank. —*Affirmed.*

*Ralph H. Munro* and *Dent, Dobyns & Freeman,* for appellant.

No appearance for appellees.

VERMILION, J.—The Farmers State Bank of Batavia closed its doors on February 19, 1925. It is insolvent, and the state superintendent of banking is in charge of its affairs, as receiver. On February 12, 1925, the intervener, Peoples Trust & Savings Bank of Chicago, sent to the Farmers State Bank for collection and remittance a sight draft on the Iowa Mercantile Company, at Batavia, for $936.53, with a bill of lading for a car of gasoline attached thereto. The draft and bill of lading were received by the Batavia bank on February 16, 1925. On that day, the Iowa Mercantile Company gave its check on the Farmers State Bank to the bank for the amount of the draft, and received the bill of lading. The Iowa Mercantile Company had an account with the Batavia bank. This account was overdrawn every day from February 9th to the day the bank closed, in an amount in excess of $3,000. The overdraft, on the day the check was given, was $3,968.25. The check was never paid, or even charged to the account of the Iowa Mercantile Company. It is uncanceled, and in the hands of the receiver.

It is too clear for argument that the insolvent bank never received any money in payment of the sight draft, and that no money belonging to the intervener ever came into the hands of the receiver. That this is essential to the establishment of a preference on the theory of a trust is too well settled to require citation of authorities. It being conceded that the intervener was entitled to impress a trust upon whatever was received by the bank in payment of the sight draft, all it received was a worthless check.

If it be considered that the fact that the check was not charged to the already overdrawn account of the Iowa Mercantile Company was a mere failure in bookkeeping, this would not aid the appellant. Even though the check had been charged to

the account on the books of the bank, there is no possible theory on which it could be said that the funds in the hands of the bank were thereby augmented.

It is only in cases where it appeared that the debtor had funds on deposit at the bank sufficient to meet a check given in payment of a collection held by the bank, that we have said that the funds in the hands of the bank were augmented by the transaction. Of these cases *Messenger v. Carroll Tr. & Sav. Bank*, 193 Iowa 608, is a typical example.

It is doubtless true, as contended by counsel, that the Batavia bank was not authorized to accept anything but cash or its equivalent in payment of the sight draft. It did accept a worthless check. But its dereliction of duty in so doing and in surrendering the bill of lading would not entitle the intervener to a preference over depositors and other creditors.

The judgment is—*Affirmed*.

Evans, C. J., and Stevens and Faville, JJ., concur.

### Supplemental Opinion.

Per Curiam.—By petition for rehearing, our attention is called to the fact that the affirmance of the judgment results in denying the appellant the status of a general creditor, to which it was undoubtedly entitled, and that in the distribution of the assets of the bank this is a valuable right.

The judgment will be modified to the extent of allowing the claim as that of a general creditor. Otherwise, the petition for rehearing will be overruled. Each party will pay one half of the costs on appeal.—*Modified and affirmed*.