L. A. ANDREW, State Superintendent of Banking, Appellant, v. DARROW TRUST & SAVINGS BANK OF NEW HAMPTON, Appellee.

**TRUSTS:** Establishment and Enforcement—Burden of Proof. A claim
1  to an equitable preference in the payment by an insolvent of trust funds necessitates proof (1) of the trust relation and (2) of the fact that the trust funds passed into the hands of the representative of the insolvent in augmentation of the assets of the latter.

**BANKS AND BANKING:** Collections—Remittance by Draft—Termina-
2  tion of Trust Relation. The act of a bank which had made a collection for the owner of a claim, in forwarding the proceeds to the owner by draft, *as the owner had directed*, terminates any trust relation which may have attended the collection and substitutes therefor the relation of debtor and creditor.

**APPEAL AND ERROR:** Grounds for Review—First Presentation on Ap-
3  peal—Effect. The claim that the proceeds of a collection made by a bank were impressed with a trust character because fraudulently received by the bank on the very eve of its financial collapse will not be considered when presented for the first time on appeal.

**BANKS AND BANKING:**  Trust Funds—Presumption as to Retaining.
The act of a banker, after collecting a trust fund, in issuing and retaining in his own possession, on his own motion, a demand certificate of deposit payable to the owner of the fund will not, of itself, overcome the presumption that he did in fact retain the actual trust funds.

**BANKS AND BANKING:**  Trust Funds—Non-inference as to Manner of Remitting Funds.  Authority to a banker to remit trust funds to the owner thereof by means of a draft may not be inferred from the simple fact that said owner *expected* the remittance to be made in that manner, the actual fact being that the owner had never given any direction as to the manner of remitting.

**BANKS AND BANKING:**  Trust Funds—Presumption of Misappropriation.  The act of a bank in actively, for several months, concealing from the owner of trust funds the receipt of such funds, and later in making remittance of small amounts thereof, justifies the legal presumption that the bank had wholly misappropriated said fund, especially when no effort is made to trace the funds into the hands of a subsequently appointed receiver for the bank.

**BANKS AND BANKING:**  Trust Funds—Affirmative Showing of Misappropriation.  An affirmative showing that a bank, prior to its failure, used trust funds in part in the payment of the obligations of the bank and in part in the payment of the personal obligations of one of the officers of the bank necessarily precludes any equitable preference in payment of such trust funds from the assets of the insolvent bank.

Headnote 1:  7 C. J. pp. 751, 752.  Headnote 2:  7 C. J. p. 627 (Anno.)
Headnote 3:  3 C. J. p. 694.  Headnote 4:  7 C. J. p. 751.  Headnote 5:
7 C. J. p. 627 (Anno.)  Headnote 6:  7 C. J. p. 751.  Headnote 7:  7 C.
J. p. 751.

Headnote 2:  32 L. R. A. 715; 52 L. R. A. (N. S.) 630; 3 R. C. L. 633.
Headnote 3:  2 R. C. L. 79.

*Appeal from Chickasaw District Court.*—H. E. TAYLOR, Judge.

NOVEMBER 22, 1927.

This is an appeal by the receiver of the Darrow Trust & Savings Bank of New Hampton, Iowa, from a decree awarding preferential payment of the claims of each of the following claimants: J. I. Case Threshing Machine Company, Hales-Hunter Company, Dukehart & Company, Citizens State Bank

of Whitewater, Wisconsin, and State Bank of Latimer.—*Modified and affirmed.*

*John Fletcher*, Attorney-general, and *Geiser & Donohue*, for appellant.

*Condon & Clary* and *W. B. Sloan*, for J. I. Case Threshing Machine Company, appellee.

*F. J. Conley*, for Nick Gilbert, appellee.

*John H. Howard*, for Dukehart & Company, appellee.

*R. L. Saley* and *Stipp, Perry, Bannister & Starzinger*, for State Bank of Latimer, appellee.

STEVENS, J.—On July 23, 1925, the Darrow Trust & Savings Bank of New Hampton, Iowa, voluntarily declined to open its doors for business, and a few days later, its assets were turned over to, and have since been administered by, the state superintendent of banking, as receiver. Appellees each filed a claim with the receiver, praying the establishment thereof as a preferred claim, and for the preferential payment thereof. The court so decreed. The sole contention of appellant in this court is that the true status of each of the claimants is that of general creditors, and that their claims should have been so classified and established.

It is stipulated by the parties that, on or about July 20, 1925, the appellee J. I. Case Threshing Machine Company forwarded a sight draft drawn on the Mielke Manufacturing & Sales Company of New Hampton, Iowa, with bill of lading for four threshers and attachments attached, to the Darrow Trust & Savings Bank for collection; that, during the days of July 21st and 22d, the drawee delivered to the collecting bank checks and drafts on other banks, aggregating $3,150, for which it was given credit by the bank in its account; that of these items, $1,325 was remitted directly to the First National Bank of Chicago, for collection and credit, and the balance, $1,826, was remitted to the Cedar Rapids National Bank, for the same purpose; that all of these checks and drafts were duly paid and credited by the respective banks to which they were sent, to the account of the Darrow Trust & Savings Bank;

that, on July 22d, the drawee delivered a check drawn on his account in the Darrow bank for $3,680, the amount due appellee, to it in payment of the sight draft; that, on the same day, the Darrow Bank forwarded its draft, drawn on the First National Bank of Chicago, to appellee for the amount, less exchange. In its letter forwarding the sight draft for collection, appellee directed the Darrow Trust & Savings Bank to remit the proceeds by draft, less its charges.

It was also stipulated that, on July 20, 1925, the appellee Dukehart Machinery Company forwarded a bill of lading, drawn to itself and assigned to the Mielke Manufacturing & Sales Company of New Hampton, to the Darrow Trust & Savings Bank for collection; that the letter of transmittal directed the bank to remit the proceeds of the collection, $250, less charges, to claimant by draft; that, on the 22d day of July, a draft for the amount, drawn on the First National Bank of Chicago, was forwarded by the bank to appellee, in payment of the account.

It is further stipulated by the parties that, on or about July 7, 1925, the appellee Hales-Hunter Company drew a sight draft for $1,412.50 on the New Hampton Poultry Company, and forwarded the same to the Darrow Trust & Savings Bank for collection; that prompt payment of the sight draft was made by the drawee to the Darrow bank; that a demand certificate of deposit for the amount was issued thereby, payable to the Hales-Hunter Company; that same was held by the bank until July 21st, when remittance was made thereof by a draft drawn on a New York bank.

There is such confusion in the dates, as stated in the record and the argument of counsel, as to the claim of the appellee Citizens State Bank of Whitewater, Wisconsin, that we are not sure of the correctness of the following statement. On the assumption that the statement of counsel for the claimant is the most favorable that could be made, we shall accept it as the correct one. None of the facts concerning this claim are in dispute. As we understand them, they are as follows: On December 31, 1924, the president of the Darrow Trust & Savings Bank forwarded a letter to the appellee, inclosing a release of a certain mortgage, referred to as the Lynch mortgage, for $4,000, with the request that same be executed and

returned, with the loan paper, and promising remittance of the amount due. The release, accompanied by the note and mortgage, was forwarded to the Darrow bank on January 2d. The debtor paid the amount due on the note to the Darrow bank before the papers were received by it. No remittance was made, however, until April 13th, when a draft for $1,000 was sent to the Wisconsin bank. Other payments were made, the last one May 22d. The balance found by the court to be due appellee is $1,624.22. On July 21st, the Darrow Trust & Savings Bank forwarded its draft to appellee for the balance. All of the foregoing drafts were protested for nonpayment.

On March 25, 1925, the appellee State Bank of Latimer, at the request of the Darrow Trust & Savings Bank, forwarded to it by mail two notes and mortgages, each for $8,500, together with appropriate release for payment. The Darrow bank negotiated a new loan for the mortgagor for the amount due on the notes, with the Union Bond & Mortgage Company of St. Louis.

On March 28th, the Bond & Mortgage Company forwarded its draft to the Darrow bank, for $17,500. Instead, however, of remitting the proceeds of the loan to appellee, the president of the Darrow bank issued a certificate of deposit for the amount, payable to himself. Later, the certificate was surrendered, and a remittance of $9,118.83 made to appellee. The president of the bank then opened a special account in his own favor for the balance, which he checked out in payment of his own obligations. On or about April 2d, the Union Bond & Mortgage Company remitted its draft for $402.59 to the Darrow bank, the balance due on the two notes. The claim of the Latimer State Bank is for the full balance due it. The court allowed a preference in favor of appellee for $402.59, but established a claim for the balance without preference.

Although the soundness of a number of the prior decisions of this court is challenged by counsel for some of appellees, they are, nevertheless, decisive of all of the questions properly 1. TRUSTS: estab- raised and presented on this appeal. To entitle lishment and the claimants to preferential payment, the enforcement: burden of proof. burden rested upon them to show that a trust relationship existed between such claimant and the Darrow Trust & Savings Bank, and that the trust fund passed into

the possession of the receiver in augmentation of the assets of the bank. *Murray v. North Liberty Sav. Bank,* 196 Iowa 729; *Leach v. State Sav. Bank,* 202 Iowa 265; *Andrew v. Farmers State Bank,* 203 Iowa 1014.

We shall, for the purposes of this case, assume that a trust relationship at one time existed between the insolvent bank and each of the claimants. Remittance by the Darrow bank was made to the appellee J. I. Case Threshing Machine Company and the Dukehart Company by draft, as requested.

We have held that, where remittance of the proceeds of a collection is requested and directed by the principal to be made by draft, and a draft is so issued, the relation between them at once becomes that of debtor and creditor, and the right to preferential payment no longer exists. *Leach v. Iowa State Sav. Bank,* 202 Iowa 894; *Leach v. Battle Creek Sav. Bank,* 203 Iowa 507; *Leach v. Battle Creek Sav. Bank (Alexander, Intervener),* 202 Iowa 875; *Danbury State Bank v. Leach,* 201 Iowa 321.

2. BANKS AND BANKING: collections: remittance by draft: termination of trust relation.

The rule and the reasons therefor are fully discussed in the cited cases; and need not be repeated. These decisions are applicable to the foregoing claims, and decisive against a right of preference.

The further claim is made by the appellee Dukehart & Company that the payment of $250 to the Darrow bank was made but a few minutes before closing time on the evening of July 22d; that the officers of the bank must then have known that it was insolvent; and that the acceptance of the money was a fraud upon claimant. This contention was not made in the court below, by pleading or otherwise. Appellant may have been misled by the failure of appellee to assert this ground for preferential payment to the trial court, and prevented from introducing material testimony as to the knowledge of the officers of the bank of its insolvency. In this state of the record, the claim of fraud will not be considered.

3. APPEAL AND ERROR: grounds for review: first presentation on appeal: effect.

The Hales-Hunter Company said nothing, in its letter of transmittal of the draft to the Darrow bank, as to how the proceeds of the collection should be remitted. The contention of ap-

4. BANKS AND
BANKING: trust
funds: presump-
tion as to re-
taining.

pellant at this point is that the issuance and retention by the bank of a demand certificate payable to appellee conclusively shows a misappropriation of the proceeds, and that, therefore, no preference should have been allowed. The purpose of the bank in issuing a demand certificate payable to the claimant is not disclosed. Neither does it appear that the money was dissipated by the bank. The sole question is, Should the presumption that the money was retained by the bank and turned over to the receiver be indulged in favor of the claimant? We are of the opinion that the record would hardly justify the court in holding against the presumption. Preferential payment of this claim was properly awarded.

The contention of appellant that the testimony of the vice president of the Hales-Hunter Company that a remittance by

5. BANKS AND
BANKING: trust
funds: non-in-
ference as to
manner of re-
mitting funds.

draft, the customary form thereof, was expected is equivalent to a prior direction to so remit, cannot be allowed. No authority to remit by draft was given to the bank.

The president of the Darrow bank wrote numerous letters to the appellee Citizens State Bank of Whitewater, Wisconsin, stating that he was having difficulty to collect the Lynch note;

6. BANKS AND
BANKING: trust
funds: presump-
tion of misap-
propriation.

and when he could no longer silence the demands of appellee for the remittance of the amount due, or the return of the papers, he would forward a small amount, pretending that the collection had just been made thereof, and promising further efforts to get the money. The conduct of the Darrow bank in this instance clearly indicates that the proceeds of the note were misappropriated, and no presumption that the same passed to the receiver in any form could arise. The conduct of the president of the bank in handling other matters indicates a disposition to tamper with the bank's funds. No attempt was made by appellee to trace the proceeds into the possession of the receiver. This, in the absence of a presumption, was essential to the granting of a preference. Preferential payment should have been denied.

There remains to be considered the claim of the State Bank of Latimer. Both parties have appealed from the decree as to this claim: the claimant from the refusal of the court

7. BANKS AND
BANKING: trust
funds: affirma-
tive showing of
misappropriation.

to award preferential payment of the entire amount due, and the receiver from the order granting a preference in the sum of $402.59. The evidence shows without conflict that the draft of the Union Bond & Mortgage Company for the last named amount was immediately forwarded by the Darrow bank to the First National Bank of Cedar Rapids, and credited to its account.

The evidence also shows that, thereafter, the account of the Darrow bank with the First National Bank was overdrawn $3,710.50. The total aggregate value of all new loans made by the Darrow bank during the year 1925 was a trifle in excess of $2,700. There was a steady and consistent withdrawal of deposits from the bank. They were reduced more than $125,000 during the year. The balance of the $17,500 collected by the bank was, as stated, credited to a special account in the name of the president of the bank, and withdrawn by him in payment of his private indebtedness. None of the proceeds of the collection could, therefore, have gone into the hands of the receiver. The proceeds of the check for $402.59 must have been used by the bank in the payment of its obligations. No attempt was made to trace any part of the funds received by the bank into the possession of the receiver. It would have been impossible for the claimant to have so shown. No part of this claim should have been preferred.

Further discussion is unnecessary. The order and decree of the court will be modified as indicated by this opinion, and the cause remanded for decree in harmony herewith.—*Modified and affirmed.*

FAVILLE, ALBERT, KINDIG, and WAGNER, JJ., concur.

EVANS, C. J., not participating.