## GEORGE W. WILSON
### *v.*
## THE CARLINVILLE NATIONAL BANK.

*Opinion filed October 19, 1900.*

1. BANKS—*collecting bank is the agent of the payee, and not of the forwarding bank.* If the bank which receives a check upon another bank for collection, according to the general banking custom, uses due care and diligence in forwarding the check and in selecting the collecting bank, then the collecting bank is the agent of the payee, and the receiving bank is not liable to the payee for the negligence or default of such agent.

2. SAME—*when receiving bank is not, as a matter of law, negligent in selecting collecting bank.* The receiving bank is not, as a matter of law, negligent in committing the collection of a check upon the only bank in a town to its correspondent, because it knew, or had reason to know, that the correspondent bank would send the check to the bank upon which it was drawn, for payment.

*Wilson* v. *Carlinville Nat. Bank*, 87 Ill. App. 364, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Macoupin county; the Hon. O. P. THOMPSON, Judge, presiding.

BELL & BURTON, for appellant.

RINAKER & RINAKER, for appellee.

Mr. CHIEF JUSTICE BOGGS delivered the opinion of the court:

The appellant, having procured a certificate of importance, has prosecuted this appeal from the judgment of the Appellate Court for the Third District affirming a judgment in the sum of $300, entered against him by the circuit court of Macoupin county, in an action of assumpsit brought by the appellee bank. The cause was heard in said circuit court before the court without the intervention of a jury.

It is urged the court entertained and applied errone-
ous views of the law applicable to the facts of the case.
The facts necessary to be known in order the correct-
ness of the ruling of the court on the propositions of law
may be determined, are in substance as follows:   The
appellee bank conducted a banking business in Carlin-
ville, Illinois.   On March 30, 1893, appellant, a farmer
and stock dealer, who resided some seven miles from Car-
linville, while in Gillespie, a village about nineteen miles
from Carlinville, received a check drawn in his favor by
one Clark, in the sum of $300, on the Citizens' Bank of
Gillespie.   Appellent then and for some two years before
had kept an account with the appellee bank, making
deposits therein and drawing checks against the same.
He had frequently deposited in the appellee bank checks
payable by other banks located in other towns and cities,
and had been permitted to treat the amount of such checks
as credits of cash to his account, subject to be drawn
against by him as though the deposit had been of cash.
On June 1, 1893, he brought the aforesaid check on the
Gillespie bank to Carlinville and endorsed and delivered
it to the appellee bank.   The amount thereof, without
any deduction or charge, was credited to him as though
it had been a deposit of cash, and the same was paid out
(together with other funds to his credit) on checks sub-
sequently drawn by him.   On June 1,—the day of the
receipt of the check,—the appellee bank sent it by mail
for collection to the National Bank of Commerce, its cor-
respondent in St. Louis.   June 2 the National Bank of
Commerce sent the check by mail for collection to the
Globe National Bank of Chicago, its correspondent bank.
June 3 the Chicago bank sent it directly to the Citizens'
Bank of Gillespie, on which it was drawn.   The Citi-
zens' Bank received the check June 5, and on the 7th
day of June returned as payment its draft drawn on the
National Bank of the Republic in St. Louis, for the full
amount thereof.   The draft so drawn by the Gillespie

bank was presented to the National Bank of the Republic in St. Louis for payment June 9, but payment was refused, the Citizens' Bank having failed on June 8. The appellee bank brought the action to recover the said sum of $300 paid by it on checks drawn by the appellant against the credit obtained by the deposit of the said check in his favor on the Gillespie Bank and which it had not been able to collect.

The trial court, in propositions of law presented in behalf of the appellee bank, held that if the bank did not purchase the check from appellant, but received it from him for collection by means of correspondent banks, in accordance with the general custom of banks, and that it used due care and diligence in forwarding the check for collection and exercised reasonable care and prudence in selecting the bank to which it forwarded the same, such bank so selected became the agent of the appellant, and that the appellee bank was not liable to the appellant for any neglect or default of the correspondent bank or the Chicago bank to whom the said correspondent bank sent the same for collection. This is the view taken by the courts of last resort in Connecticut, Iowa, Kansas, Maryland, Massachusetts, Mississippi, Wisconsin, Nebraska, North Carolina, Tennessee, Missouri, Louisiana and our own State. (3 Am. & Eng. Ency. of Law, —2d ed.—p. 812.) The correspondent or collecting bank is regarded as the agent of the receiving bank, and not of the check owner, by the courts of final resort in Michigan, Minnesota, Montana, New Jersey, New York, Ohio, and also by the courts of the United States. (3 Am. & Eng. Ency. of Law,—2d ed.—p. 810.) The arguments and reasons upon which these conflicting adjudications are grounded are familiar to the profession, and discussion of the question may well be regarded as exhausted by what has been so often said *pro et con* in judicial opinions and by law writers. This court, as early as 1861, in the case of *Ætna Ins. Co.* v. *Alton City Bank*, 25 Ill. 243, adopted

the rule announced in the proposition held by the trial court; and in the later decisions of *Drovers' Nat. Bank* v. *Provision Co.* 117 Ill. 100, and *Waterloo Milling Co.* v. *Kuenster & Co.* 158 id. 259, re-affirm the doctrine of the earlier case.   It must be assumed the parties hereto acted in view of the long established and well settled rule of law in this State.

Nor do we think the court erred in refusing to hold proposition No. 4 asked by appellant, as follows:

"The court holds that if the plaintiff, at the time of sending the check in question to its St. Louis correspondent, knew that such St. Louis bank would, by itself or by its agents of its selection, send such check for payment direct to the drawee bank, then, under the law, such St. Louis bank would not be a suitable agent to be entrusted with the collection of such paper, and if the loss here complained of resulted from such method of collecting, then the defendant would not be liable here."

The court held proposition No. 10, the substance of which was that it was negligence on the part of the Globe National Bank to send the check by mail for payment to the Gillespie bank, on which it was drawn.   The argument of counsel is, that the principle announced in proposition No. 10 being correct, it follows, logically and irresistibly, that if the appellee bank knew the National Bank of Commerce of St. Louis would, by itself or through its correspondent bank, send the check to the Citizens' Bank at Gillespie for collection, then that said appellee bank could not be regarded as having acted with reasonable diligence and care in selecting the National Bank of Commerce to make the collection, and that the trial court should have declared, as matter of law, that the appellee bank was careless and negligent in the selection of the National Bank of Commerce as an agent in the matter of the collection of the check.

The evidence sufficiently tended to show, and the court recited in proposition No. 5 held for the appellee,

"that it is a well known, long established and general custom of collecting banks to transmit directly to their correspondent out-of-town banks, for collection, checks drawn upon such out-of-town banks and in their hands for collection, in cases where there is no other bank in such towns." It also appeared from the testimony, and was recited by the court in proposition No. 1 in the same behalf, that the Citizens' Bank of Gillespie was the only bank in Gillespie. The evidence further sufficiently established that appellant knew there was but one bank in Gillespie, namely, the Citizens' Bank, upon which the check he held was drawn. It was also shown by the proofs, the appellant had, on prior occasions, deposited with the appellee bank other checks upon out-of-town banks, and availed himself of the facilities offered by the system adopted and in vogue only among banks and bankers for the collection of that class of paper. He may not have known the details of the system or custom in force among banks for the collection of such checks, but he knew the collection was to be made, without expense to him, through banks co-operating together, in compliance with certain usages and customs existing between such institutions to enable such collections to be so made. He knew there was but one bank in Gillespie, and that the one on which the check was drawn. The co-operation of that bank was essential to the operation of the mode of collecting the check, for there was no other bank at Gillespie to act in the matter. With this knowledge the appellant accepted the benefit of the facilities for the collection of his check which the banks held out to their customers. The usages and customs thus availed of by appellant contemplated the sending of the check directly to the bank upon which it was drawn, there being no other bank at that point. The appellant having knowledge there was but one bank at Gillespie, and that his check was to be collected, without cost or expense to him, through the medium of busi-

ness usages and customs in force only between banks and bankers, could not be permitted to accept the facilities thus afforded by the appellee bank for his accommodation, and afterwards insist compliance by the appellee bank with the usages and customs, the benefit whereof he sought to avail himself of, should constitute actionable negligence.

The trial court did not err in refusing to declare, as matter of law, the appellee bank was negligent in committing the collection of the check to the National Bank of Commerce, though it knew, or had sufficient reason to be chargeable with knowledge or notice, that said National Bank of Commerce would directly or indirectly send the check to the bank on which it was drawn for payment.

The other questions argued by counsel are questions of fact or mixed questions of law and fact, and not open to review in this court.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*