## HOOKS v. VET.†

(Circuit Court of Appeals, Fifth Circuit. November 3, 1911.)

No. 2,275.

1. TRIAL (§ 328*)—VERDICT—ASSAULT AND BATTERY—SEVERANCE AS TO PARTIES.

Where a defendant, in an action for assault and battery against himself and other defendants, filed a separate plea, the fact that the jury returned a several verdict against different defendants for differing amounts, instead of a joint verdict against all, was not error as to him, being responsive to his plea.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 771–773; Dec. Dig. § 328.*]

2. APPEAL AND ERROR (§ 1070*)—REVIEW—HARMLESS ERROR—VERDICT.

A verdict in an action for assault and battery against a number of defendants, which assessed the damages severally, if erroneous, was error without prejudice.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4231–4233; Dec. Dig. § 1070.*]

In Error to the Circuit Court of the United States for the Western Division of the Southern District of Georgia.

Action at law by Charles M. Vet against B. A. Hooks and others. Judgment for plaintiff, and defendant Hooks brings error. Affirmed.

Alexander Akerman and Charles Akerman, for plaintiff in error.
Du Pont Guerry and Peter W. Meldrim, for defendant in error.

Before PARDEE and SHELBY, Circuit Judges.

PER CURIAM. Charles M. Vet, a citizen of Florida, brought his action of trespass for assault and battery, in the Circuit Court of the United States for the Western Division of the Southern District of Georgia, against B. A. Hooks, T. W. Hooks, Blount Freeman, Daniel Driggars, and Andrew A. Cowart, citizens of Georgia, alleging that these five defendants made an assault upon, and unlawfully beat, bruised, and wounded, the plaintiff. The defendant B. A. Hooks filed a separate plea of denial and pleaded justification. The other defendants joined in a plea which, under the Georgia practice, amounts to the general issue.

Upon the trial the jury, on Saturday, May 20, 1911, returned a verdict as follows:

"Macon, Ga., May 20, 1911.

"We, the jury, find for the plaintiff as against B. A. Hooks and A. A. Cowart the sum of one thousand dollars each, and against T. W. Hooks, Blount Freeman, and Daniel Driggars, the sum of one hundred dollars each.

"R. L. Sparks, Foreman."

No objection appears to have been made by either party, and the verdict was entered, and the jury presumably discharged.

On Monday, May 22, 1911, the next judicial day, the defendants B. A. Hooks, T. W. Hooks, Blount Freeman, and Daniel Driggars presented their motion in arrest of judgment, which was ordered

filed and assigned for hearing, which motion in arrest of judgment contains five grounds, all of which attack the legality of the verdict. Subsequently Blount Freeman and T. W. Hooks withdrew from the motion, and it was dismissed as to them.

On June 14, 1911, after argument, the motion in arrest of judgment was overruled by the court, and a several judgment was rendered in accordance with the verdict. After the entry of the judgment, the defendants B. A. Hooks and Daniel Driggars presented to the court another motion in arrest of judgment upon the same grounds, which the court refused to entertain. During the same term, on the 17th of June, 1911, the defendants B. A. Hooks and Daniel Driggars filed their bill of exceptions. The other defendants refusing to join him, the defendant B. A. Hooks severed, and brings this writ of error, making no other parties than the plaintiff below. The errors assigned all relate to rulings of the court below on the motion in arrest of judgment.

If we concede the doubtful proposition that in the federal courts the rulings of the existing Circuit Courts on motions in arrest of judgment may be reviewed on error, still the assignments of error are without merit, because the verdict was not joint, and was responsive to the plaintiff in error's separate plea, so that the plaintiff in error was not prejudiced by the findings against other parties defendant.

The technical common-law rule, cited in the text-books and invoked on this writ, based on Sir John Heydon's case, 11 Coke, 5a, and Hill v. Goodchild, 5 Burr. 2790, does not apply here, because the plea was several, and the verdict not joint. In Hill v. Goodchild Lord Mansfield said:

"We hold that as the trespass is *jointly* charged upon both defendants, and the verdict has found them both *jointly guilty*, the jury could not afterwards assess several damages. His lordship particularly mentioned the case of Austen v. Wilward, the fifth resolution in Sir John Heydon's Case, the case in Gro. Jac. 118, of Crane and Hill v. Hummerstone, the case of Rodney v. Strode, in Carthew, 19, and Jenkins' Cent. 317, pl. 10, as warranting this opinion. We do not think that the present case calls for an opinion upon those cases where the defendants *are charged* jointly and severally, or where the defendants plead severally, or where the defendants are found guilty of several parts of the same trespass or at a different time, or where a joint action is brought for two several trespasses, and the damages found severally, as being severally guilty. We do not meddle with any of these cases. There is a variety of opinions in the books relating to them. It is enough for us to found our present determination upon the present case. And the present case is that the count is of a *joint* trespass, and the jury have found the defendants guilty of a *joint* trespass, and yet have severed the damages. We are of opinion that in such case the damages *cannot be severed*."

If, however, we concede the contention of the plaintiff in error that the verdict should have been joint, and not several, and that it was error to enter the several judgment on the verdict, it seems that it was certainly error without injury. As it stands, the judgment and verdict against the plaintiff in error is for only $1,000. The jury found that five of the defendants were properly liable for damages, and the aggregate sum of such damages, as found by the jury, amounted to $2,300. The result of the contention of the plain-

tiff in error would be that the judgment and verdict should have been for that sum against all the defendants jointly. The error, therefore, in assessing the damages severally, makes the plaintiff in error, liable for only $1,000, when otherwise he would have been liable for $2,300, with no right to contribution. 8 Cyc. 804; 23 Cyc. 1470. If this is error, it is, as to the plaintiff in error, error without injury.

The judgment of the Circuit Court is affirmed.