[Civil No. 2373.    Filed October 9, 1925.]

[239 Pac. 785.]

THE CITY OF DOUGLAS, a Municipal Corporation, Appellant, v. THE FIRST NATIONAL BANK OF DOUGLAS, ARIZONA, a Corporation, Appellee.

1. BANKS AND BANKING—ACCEPTANCE OF ANYTHING BUT CASH OR ITS EQUIVALENT, FOR CHECK FORWARDED BY COLLECTING BANK TO DRAWEE BANK DIRECT, IS NEGLIGENCE PER SE.—Where collecting bank forwarded check for collection direct to drawee bank, when

---

1. On federal reserve banks and bank collections, see notes in 30 A. L. R. 647; 31 A. L. R. 1269. See, also, 3 R. C. L. 616.

there was another bank in same town, acceptance of anything but cash or its equivalent for such check by collecting bank constituted negligence *per se.*

2. EVIDENCE—COURT JUDICIALLY KNOWS THAT NEITHER BANK NOR CUSTOMER ANTICIPATES THAT BANK WILL PRESENT CHECK FOR COLLECTION PERSONALLY.—Supreme court judicially knows that, when customer of a bank deposits with it for collection a check drawn on some institution in another town or state, neither party anticipates that bank will send one of its officers or servants out of town to present check to drawee for payment.

3. BANKS AND BANKING—FORWARDING BANK RESPONSIBLE ONLY FOR REASONABLE CARE IN SELECTING PROPER AGENT TO WHICH CHECK FOR COLLECTION SHALL BE SENT—COLLECTING BANK IS AGENT OF PAYEE.—Bank forwarding check for collection *held* not liable for negligence of its correspondent in forwarding such check for collection direct to drawee bank, when there was another bank in the same town, and accepting payment of check other than in cash, but in absence of special agreement to contrary, is responsible only for reasonable care in selecting proper agent, the collecting bank being agent of payee of check and not the agent of forwarding bank.

See (1) 7 **C. J.,** p. 614.    (2) 23 **C. J.,** p. 65.    (3) 7 **C. J.,** p. 607.

APPEAL from a judgment of the Superior Court of the County of Cochise.   Albert M. Sames, Judge. Affirmed.

Messrs. Knapp, Boyle & Pickett, for Appellant.

Messrs. Sutter & Roche, for Appellee.

LOCKWOOD, J.—Under the laws of Arizona, the authorities of Cochise county collect the taxes for the various municipalities situated within its borders, remitting the same from time to time to the town and city officials.   The treasurer of Cochise county drew his check on the Central Bank of Willcox, then a county depository, for $5,000, in favor of the city of Douglas, hereinafter called plaintiff, and sent the check to the city treasurer.   It was duly deposited

3.   See 3 **R. C. L.** 622.

in the usual course for collection with the First National Bank of Douglas, hereinafter called defendant, by the latter officer. This bank, being the first or initial link in the chain of collection, promptly dispatched the check in the usual manner for collection to the Federal Reserve Bank of Dallas, at its branch in El Paso, Texas; defendant being a member of the Federal Reserve system and situated within the jurisdiction of the El Paso branch aforesaid.

The Federal Reserve Bank received the check in due course, and, although there was another bank than the Central Bank of Willcox situated in that town, transmitted the check directly to the drawee bank for payment. This last-named bank received the check, charged it to the account of Cochise county, marked it "paid," and returned it to the drawer, and sent in payment therefor to the Federal Reserve Bank a check or draft drawn by it upon the Central Bank of Phoenix. The Federal Reserve Bank accepted this last-named draft and attempted to collect it, but it turned out to be worthless, and was protested. The Federal Reserve Bank then charged back the $5,000 check to the defendant herein, which in turn charged it back to plaintiff.

This action was then brought against defendant. The complaint set up the foregoing facts, and alleged that defendant was liable to plaintiff for the loss of the amount of the check on account of the negligence of the Federal Reserve Bank. The negligence, it was claimed, consisted of two things: First, the forwarding of the check in question direct to the drawee bank for payment, when there was another bank in the same town; and, second, in accepting in payment of the check anything but cash or its equivalent. Defendant demurred to the complaint, the court sustained the demurrer, and, plaintiff declining to

amend, rendered judgment in favor of defendant, from which judgment this appeal is taken.

There is no dispute between the parties as to the facts of the case, and this appeal presents two questions of law only. The first is as to whether or not the Federal Reserve Bank was guilty of negligence. There is some conflict between the authorities as to the legal liability, where forwarding a check for collection direct to a drawee bank, when there is another bank in the same town, results in loss, but we think there is no doubt that the acceptance of anything but cash or its equivalent for such check by the collecting bank is negligence *per se*. *Ward* v. *Smith*, 7 Wall. 447, 19 L. Ed. 210; *Bank* v. *Trust Co.*, 149 Ill. 343, 23 L. R. A. 611, 36 N. E. 1029; *Malloy* v. *Bank*, 264 U. S. 161, 31 A. L. R. 1261, 68 L. Ed. 617, 44 Sup. Ct. Rep. 296.

The only question then remaining is as to who was liable for this negligence, the forwarding bank, defendant herein, or the Federal Reserve Bank, which actually was guilty of the act constituting the negligence. There is a sharp and irreconcilable conflict of authority on this point. The two opposing principles are well set forth in the case of *Exchange Nat. Bank of Pittsburgh* v. *Third Nat. Bank of New York*, 112 U. S. 276, 28 L. Ed. 722, 5 Sup. Ct. Rep. 141, in which the court says:

"It is contended by the defendant that its liability in taking at New York for collection these drafts on a drawee at Newark, extended merely to the exercise of due care in the selection of a competent agent at Newark, and to the transmission of the drafts to such agent, with proper instructions; and that the Newark bank was not its agent, but the agent of plaintiff, so that the defendant is not liable for the default of the Newark bank, due care having been used in selecting that bank. Such would be the result of the rule established in Massachusetts (*Fabens* v. *Mercantile*

*Bank,* 23 Pick. [Mass.] 330 [34 Am. Dec. 59]; *Dorchester Bank* v. *New England Bank,* 1 Cush. [Mass.] 177), in Maryland, . . . in Connecticut, . . . in Missouri . . . in Illinois, . . . in Tennessee, . . . in Iowa, . . . and in Wisconsin. . . . The authorities which support this rule rest on the proposition, that since what is to be done by a bank employed to collect a draft payable at another place cannot be done by any of its ordinary officers or servants, but must be entrusted to a subagent, the risk of the neglect of the subagent is upon the party employing the bank, on the view that he has impliedly authorized the employment of the subagent; and that the incidental benefit which the bank may receive from collecting the draft, in the absence of an express or implied agreement for compensation, is not a sufficient consideration from which to legally infer a contract to warrant against loss from the negligence of the subagent. The contrary doctrine, that a bank, receiving a draft or bill of exchange in one state for collection in another state from a drawee residing there, is liable for neglect of duty occurring in its collection, whether arising from the default of its own officers or from that of its correspondent in the other state, or an agent employed by such correspondent, in the absence of any express or implied contract varying such liability, is established by decisions in New York (*Allen* v. *Merchants' Bank,* 22 Wend. [N. Y.] 215 [34 Am. Dec. 289]), . . . in New Jersey, . . . in Pennsylvania, . . . in Ohio, . . . and in Indiana . . . "

The matter is one of first impression in this jurisdiction, and we are therefore at liberty to determine it according to our view of what is the best rule, without being hampered or embarrassed by previous declarations of this court. As is said by the Supreme Court of Illinois, in *Wilson* v. *Bank,* 187 Ill. 222, 52 L. R. A. 632, 58 N. E. 250:

"The arguments and reasons upon which these conflicting adjudications are grounded are familiar to the profession, and discussion of the question may

well be regarded as exhausted by what has been so often said *pro et con* in judicial opinions and by law writers."

Nor would a mere marshaling of the numerous cases be of particular benefit. They are fairly balanced so far as numbers are concerned, and wholly irreconcilable. In passing upon this question, we use for our guide the principle laid down in *Exchange Nat. Bank* v. *Third Nat. Bank, supra,* which is well stated as follows:

"The question involves a rule of law of general application. Whatever be the proper rule, it is one of commercial law. It concerns trade between different and distant places, and, in the absence of statutory regulations or special contract or usage having the force of law, it is not to be determined according to the views or interests of any particular individuals, classes or localities, but according to those principles which will best promote the general welfare of the commercial community."

Looking at the case in the light of the last quotation, we feel satisfied as to which rule would better promote the general commercial intercourse of the country. It is a fact of which this court takes judicial notice, that, when the customer of a bank deposits with it for collection a check drawn on some institution in another town or state, it is not anticipated either by the customer or by the receiving bank that the latter will send one of its own officers or servants out of town to present the check to the drawee for payment. If such a thing were required or customary, the expense of collecting checks of small amounts would be prohibitive, and the general business of our country, founded and built up as it is upon the free transmission and acceptance of checks in payment, instead of the actual cash, would be seriously hampered. And, if the banks of this state,

which receive checks for collection daily from their customers, were obliged to account for the negligence of any and all of the collecting agencies down the line, they would in self-protection be compelled to charge a sufficient sum to reimburse them for their risk, or perhaps annex to items for collection other onerous conditions, instead of, as now, performing the services either without charge, or for a nominal amount, and with little burden to the customer.

We are of the opinion that, notwithstanding the very high authority which supports the so-called New York rule, the Massachusetts doctrine is more consonant with sound reason and the fundamental principles of commercial law, and that, in the absence of a special agreement to the contrary, a bank which receives a check or draft on an out of town institution for collection is responsible only for reasonable care in selecting the proper agent to which it shall be sent for that purpose, and transmitting the paper with proper instructions, and that the actual collecting institution is the agent, not of the forwarding bank, but of the payee of the instrument.

For the foregoing reasons, the judgment of the superior court of Cochise county is affirmed.

McALISTER, C. J., and ROSS, J., concur.