JOHN R. VIRTUE, Appellee, v. DANBURY STATE BANK, Appellant.

FEBRUARY 14, 1928.

*Henderson, Fribourg, Hatfield & Fribourg*, for appellant.

*Prichard & Prichard*, for appellee.

MORLING, J.—The defense is grounded principally on a rule of defendant bank adopted and prominently posted in its lobby about one month before it received the check in controversy. The rule, so far as material, is:

"In receiving checks, drafts or other items for collection or for credit, this bank acts only as its customer's agent. All items are received at owner's risk, and, if credited, shall be credited conditionally, subject to payment, and may be charged back at any time until the proofs thereof, in money, have been actually received by this bank. * * * This bank may accept for the account of its depositors or customers, in payment of any item, the check or draft of the bank on or by which the items are drawn * * * If any draft or check accepted as in this paragraph provided is dishonored, the dishonored paper will be turned over to the owner, if it is obtainable, in lieu of the original item. * * * "

The plaintiff's testimony, undisputed, is that he is not a stockholder of defendant, and did not see and knew nothing about the rule until after the commencement of this action. Defendant cites a number of cases holding, in substance, that the depositor is bound by the rules and regulations of the bank contained in the pass book received by him. Such cases are not in point. There is no claim here that the rule relied on by defendant was contained in any pass book or document which came into the possession or to the knowledge (unless by the posting) of the plaintiff. Plaintiff was a stranger to defendant's rules and regulations, and in the absence of an express agreement thereto, would not be bound thereby, unless they came to his knowledge under such circumstances that his assent to them

might be implied. *Dempster Mfg. Co. v. Downs*, 126 Iowa 80; *Wells v. Black*, 117 Cal. 157 (48 Pac. 1080); 1 Thompson on Corporations (2d Ed.), Section 1056; 3 Cook on Corporations (6th Ed.), Section 725. Defendant seems to contend, also, that it had the right to charge back the check without regard to 'its rule, although it says in argument:

"The entire position assumed by appellant, and its claim herein, is that the appellee, being a depositor of the bank, was bound by the rule * * * "

It is to be observed that the check was not only not charged back, but was not redelivered to plaintiff; and, as will presently appear, the defendant had disabled itself from returning it.

In the absence of special authority, the defendant could not receive in payment of the check the drawee's draft. *Andrew v. Farmers State Bank*, 203 Iowa 1014; *Leach v. Battle Creek Sav. Bank*, 202 Iowa 875; 7 Corpus Juris 614. Whether the condition of the drawee bank and the incident circumstances were such as to afford defendant good reason for receiving the draft as conditional payment does not appear. See *Tropena v. Keokuk Nat. Bank*, 203 Iowa 701; 7 Corpus Juris 604. The defendant made presentment of this and other checks to the drawee bank, and received in payment of them checks drawn on itself, as well as the draft. The check which defendant received from plaintiff was by defendant surrendered to the drawee bank, and by the drawee bank marked "paid," and surrendered to the drawer. While the check and the indorsements are not set out in the abstract, the check as to the drawer was undoubtedly paid. Whether or not defendant became absolute owner of the check, defendant clearly relinquished the rights of itself and (so far as it could) the rights of the plaintiff on the instrument, and took, in place of the check and the obligation of the drawer represented thereby, its own and the drawer's obligations, as represented by the checks drawn on the defendant, and the draft. The rights of the defendant were, therefore, in the draft which it received. It surrendered the check and took the draft at its own risk. By the defendant's act, the plaintiff has lost his right to the check. Defendant recognized this; for it charged back to plaintiff, not the amount of the check, but only a proportionate share of the draft. Defendant utilized the check in part for the payment of its own debts to depositors, as repre-

sented by checks drawn on itself. It made the check its own. Manifestly, defendant cannot say that the check has not been paid, or that it is not liable to plaintiff for the amount thereof. *City of Douglas v. Federal Reserve Bank,* 271 U. S. 489 (70 L. Ed. 1051) ; *Federal Reserve Bank v. Malloy,* 264 U. S. 160 (68 L. Ed. 617) ; *First Nat. Bank v. Commercial Bank & Tr. Co.,* 137 Wash. 335 (242 Pac. 356) ; *Whitney v. Esson,* 99 Mass. 308 (96 Am. Dec. 762).—*Affirmed.*

STEVENS, C. J., and DE GRAFF, ALBERT, and WAGNER, JJ., concur.