**BROWDER v. COOK et al.**

No. 1560.

District Court, D. Idaho, N. D.

March 29, 1945.

Robertson & Smith, of Spokane, Wash., and Donald L. Burcham, of Oakesdale, Wash., for plaintiff.

William D. Keeton, of St. Maries, Idaho, W. F. McNaughton, of Cœur d'Alene, Idaho, and Lester P. Edge, of Spokane, Wash., for defendants.

CLARK, District Judge.

This is an action brought by Ralph V. Browder against Fulton Cook and Mrs. Fulton Cook, A. M. Quane and Mrs. A. M. Quane, for alleged libel. The action was dismissed as to Mrs. Cook and Mrs. Quane before the case was tried on its merits. The facts are fully stated in the opinion filed June 16th, 1944, D.C., 59 F. Supp. 225.

Fulton Cook and A. M. Quane were sued jointly; separate answers were filed. On the trial of the case the attorneys made a joint defense. The jury returned a verdict against Fulton Cook for $10,000 and

676

against A. M. Quane for $500. Judgment was entered on the verdicts.

The defendants moved for judgment notwithstanding the verdict; each defendant filed a separate motion. Both motions are identical; one filed on behalf of Fulton Cook and one on behalf of A. M. Quane and are as follows:

"Defendant A. M. Quane moves to have the verdict against him and any judgment entered thereon, set aside and to have judgment entered in accordance with his motion for a directed verdict.

"If the foregoing motion be denied, said defendant moves that a new trial be granted to him on all of the issues for each and all of the following reasons materially affecting his substantial rights:

"(1) Irregularity in the proceedings of the Court, jury or adverse party, or any order of the Court or abuse of discretion by which the losing party was prevented from having a fair trial;

"(2) Misconduct of the jury;

"(3) Accident or surprise which ordinary prudence could not have guarded against;

"(4) Excessive damages appearing to have been given under the influence of passion or prejudice;

"(5) Insufficiency of the evidence to justify the verdict, judgment or other decision; and that it is against law;

"(6) Error in law occurring at the trial.

"This application is made upon the pleadings and papers on file and upon the minutes of the Court.

"The particular errors in law relied upon are as follows:

"(a) In permitting the plaintiff during the selection of the jury to exercise four peremptory challenges.

"(b) In not sustaining defendant's motion for a directed verdict at the close of the evidence offered by plaintiff.

"(c) In permitting plaintiff to interrogate defendant concerning the nature, extent and value of his property.

"(d) In refusing to sustain defendant's motion for a directed verdict made at the close of all the evidence.

"(e) In refusing the request of defendant's counsel that the Court instruct the jury to disregard the remarks of plaintiff's attorney, during the argument, to the effect in substance that the case would not be submitted to them unless there was a cause of action against the defendants.

"(f) In submitting to the jury forms of verdicts permitting and authorizing the jury to return separate verdicts against the respective defendants in different amounts, and in permitting the jury to return two verdicts in different amounts, and in directing the clerk to file both verdicts.

"The particulars wherein the evidence is claimed to be insufficient are as follows:

"(a) In that the evidence did not establish that the publication was false in any respect.

"(b) In that the matter complained of consisted of statements of fact which were neither admitted to be true or proven to be true and comment thereon; and that such comment was only criticism of the established facts, and was only such comment or criticism as a reasonable man might make.

"(c) In that the evidence did not show that the plaintiff sustained any real or actual damage on account of the publication.

"(d) In that there was no evidence that the publication was malicious, and that the undisputed evidence showed that the publication was without malice, spite or ill will toward the plaintiff, and that the publication was occasioned by the plaintiff's own acts."

The first point urged on the presentation of the motion is:

That a motion for a directed verdict at the close of the evidence should have been granted, and that judgment notwithstanding the verdict should now be granted because, according to the evidence no facts were falsely stated and comments thereon cannot reasonably be construed as charging anything more than the admitted facts.

■ A directed verdict is proper only where there is no fact question for the jury. Adams County v. Meadows Valley Bank, 47 Idaho 646, 277 P. 575.

■ The question presented on a motion to direct a verdict is whether, admitting the truth of all the evidence given in favor of the party against whom the action is contemplated, together with such inferences as may reasonably be drawn from it, there is enough evidence reasonably to sustain a verdict in accordance therewith, and, where the evidence is conflicting, all facts and inferences in conflict with the evidence against which the

action is to be taken must be eliminated from consideration, leaving the evidence only which is favorable to the party against whom the motion is leveled. Keane v. Pittsburg Lead Mining Co., 17 Idaho 179, 105 P. 60; Moody v. Morris-Roberts Co., 38 Idaho 414, 226 P. 278; McCornick & Co. v. Tolmie Bros., 42 Idaho 1, 243 P. 355. The Circuit Court of Appeals of the Ninth Circuit has so held in the case of United States v. Meserve, 9 Cir., 44 F.2d 549–552; Corrigan v. United States, 9 Cir., 82 F.2d 106–109. Without detailing the evidence in the case, there was ample evidence to submit the case to the jury.

The next point urged is that the publication was privileged. This was passed upon by the court in the opinion filed in this case June 16, 1944. Since writing that opinion the court has read the opinion in the case of Dwyer v. Libert, 30 Idaho 576–584, 167 P. 651, 652, Ann.Cas. 1918B, 973, wherein the Supreme Court of Idaho said: "In a case of this kind the communication is qualifiedly privileged, and in order for one who makes such publication to claim the benefit of the privilege the statement must be made in good faith and in the absence of malice. In the case of Foster v. Scripps, 39 Mich. 376, 33 Am.Rep. 403, we find the following: 'But where a person occupies an office like that of a city or district physician, not elected by the public, but appointed by the council, and subject only to removal by the council, we have found no authority, and we think there is no reason, for holding any libel privileged, except a bona fide representation, made without malice to the proper authority, complaining on reasonable grounds.' * * * The question of the good faith of the publication and the absence of malice, under the evidence, was properly left for the jury to determine."

The Supreme Court of Idaho further states in this opinion: "The question of the good faith of the appellant in filing the charges, and as to whether he was actuated by malice, was, under instructions of the court, properly left to the jury, and its finding thereon will not be disturbed."

■ Whether this article imported a defamatory meaning is for the jury. Where in the light of the circumstances they are susceptible of such a construction, where alleged libelous words are not libelous per se, it is error for the trial court to take from the jury the consideration of the meaning of such words. "It was for the jury, and not for the court, to determine the meaning of ambiguous language in the published article. Where words are libelous per se the judge can so instruct the jury, leaving to them only the determination of the amount of damages. Where the words are not libelous per se, and, in the light of the extrinsic facts averred, could not possibly be construed to have a defamatory meaning, the judge can dismiss the declaration on demurrer, or, during the trial, may withdraw the case from the jury. But there is a middle ground where, though the words are not libelous per se, yet, in the light of the extrinsic facts averred, they are susceptible of being construed as having a defamatory meaning. Whether they have such import is a question of fact. In that class of cases the jury must not only determine the existence of the extrinsic circumstances, which it is alleged bring to light the concealed meaning, but they must also determine whether those facts when coupled with the words, make the publication libelous." Baker v. Warner, 231 U.S. 588, 34 S.Ct. 175, 177, 58 L.Ed. 384.

■ The next point urged is that four peremptory challenges were exercised by the plaintiff. This was an unintentional error. The defense did not object but called it to the attention of the court. The court advised counsel that if they desired they might have an additional challenge. They did not object to this arrangement, but they did not exercise it, announcing in open court that they accepted the jury. They are in no position, after accepting the jury without objection, to complain at this late date.

■ The next point urged was improper argument. As to just what counsel said to the jury is not clear in the court's mind. It is the court's recollection that what counsel said was in answer to the law argument that was made by counsel for defendants, when defendants objected to the argument the court said: "Yes that is right, both counsel have gone too far afield in the argument." After this statement there was no further complaint. It is the duty of the court and counsel to keep the argument within due bounds. The court has only its independent recollection of the argument as there is no record to refer to, but that recollection is that what was said by counsel for the plaintiff was more or less in reply to the argument on a question of law made by counsel for the

678

defendants. Both arguments, if the court's recollection is correct, should not have been made, but under the circumstances here, are not sufficient to order a new trial.

The next point urged is the alleged error in the submission to the jury of forms of verdict permitting and authorizing the jury to return separate verdicts against the respective defendants and the jury bringing in a verdict for different amounts against the defendants.

■ I think the rule is well stated by counsel for the defendants that: "wrongdoers sued together and found guilty in an action for slander are liable for the whole injury to the plaintiff, and the question as to whether one is more culpable than another is of no importance, for each is liable for all the damages without regard to the degree of guilt, that one may have been actuated by that degree of ill will and evil purpose constituting actual malice does not in any wise justify a division of the damages so as to throw upon one or two or more joint tortfeasors sued together a responsibility beyond that cast upon the others whether done by way of compensation or punishment."

Let us look at the facts, defendants filed separate answers, appeared with separate counsel. The court gave the jury both joint and several verdicts, this was done after conference with counsel and at their suggestion and without objection.

■ The jury returned a verdict against Fulton Cook for $10,000 and against A. M. Quane for $500. No objection was made by either party. Counsel were asked if they wished the jury polled and they advised the court that they did not. The jury was discharged without objection. If this is error the defendants are not injured for if the amount found by the jury was a joint verdict Cook would be liable for $10,500 instead of $10,000 and Quane would be liable for $10,500 instead of $500, therefore, each has been subjected to a smaller judgment than would have been entered against him if a joint verdict had been returned. It is also well settled that objections to forms of verdict must be made before the verdict is recorded or before the jury is discharged.

Can they complain at this late date? There are very few cases that the court has been able to find in point, but the ones found by the court seem to advance sound reasoning that the defendants are in no position to complain and that the error assigned is without merit. The Circuit Court of Appeals of the Fifth Circuit in a case in which the jury returned a verdict of $1,000 against part of the defendants and $100 against others in an action for damages for assault and battery, where no objection was made at the time, said: "If, however, we concede the contention of the plaintiff in error that the verdict should have been joint, and not several, and that it was error to enter the several judgment on the verdict, it seems that it was certainly error without injury. As it stands, the judgment and verdict against the plaintiff in error is for only $1,000. The jury found that five of the defendants were properly liable for damages and the aggregate sum of such damages, as found by the jury, amounted to $2,300. The result of the contention of the plaintiff in error would be that the judgment and verdict should have been for that sum against all the defendants jointly. The error, therefore, in assessing the damages severally, makes the plaintiff in error liable for only $1,000, when otherwise he would have been liable for $2,300, with no right to contribution. 8 Cyc 804; 23 Cyc 1470. If this is error, it is, as to the plaintiff in error, error without injury." Hooks v. Vet, 5 Cir., 192 F. 314, 315.

The same rule was announced by the Circuit Court of Appeals of the Fourth Circuit in the case of Ohio Valley Bank v. Greenebaum Sons Bank & Trust Company, 4 Cir., 11 F.2d 87, 90, where the court said:

"The principal question presented by the writ of error of defendants is whether the court erred in refusing to set aside the verdict as rendered and in entering judgment thereon. The contention of defendants, briefly stated, is that the declaration alleged a joint liability on the part of the defendants; that the evidence, if it showed any liability at all, showed a joint liability; that the rendition of a verdict establishing several liability was in effect a mistrial; and that it was error in the court below to receive such verdict or to order several judgments thereon. We agree with the defendants that there was error in receiving the verdict which apportioned between the defendants the liability for their joint wrong; but we think that it was error of which only the plaintiff could complain. Joint tort-feasors have no right to determine whether they shall be jointly or sev-

erally sued for their wrong. This right vests with the party aggrieved. If he elects to sue them jointly, he is entitled to a verdict responding to his allegations, so that he may have judgment for his entire damages against both of the wrongdoers. And in this case, if the plaintiff had moved to set aside the verdict and for a new trial, the motion should and in all probability would have been granted. But the defendants cannot complain, for the simple reason that they have not been hurt. As a result of the apportionment each has been subjected to a smaller judgment than would have been entered against him if a joint verdict has been returned. A case directly in point was decided by the Circuit Court of Appeals of the Fifth Circuit in 1911. Hooks v. Vet, 192 F. 314. * * *

"In the case at bar there was no real dispute as to the damages sustained by plaintiff nor as to the fact that if there was fraud both defendants were liable for it. The only question was whether the defendants were guilty of the fraud. The jury found that question against the defendants, and defendants were benefited and not injured by the fact that the jury so apportioned the damages as to render against each a verdict for a less sum than was justified by the undisputed evidence as to damages. The rule seems well settled that a judgment will not be reversed for error in a verdict whatever its character if it is not prejudicial to appellant. 4 C.J. 1054. And by section 269 of the Judicial Code as amended by the Act of February 26, 1919 (Comp.St.Ann.Supp.1919, § 1246)."

The Supreme Court of the State of Idaho has laid down the same rule in the case of Judd v. Oregon Short Line Rail Road Company et al., 55 Idaho 461, 44 P.2d 291, 298, where the Engineer and Railroad Company were sued as joint tort-feasors and the verdict was for $1 against the Engineer and $15,720 against the company. The court said:

"Appellant assigns as error the action of the court in submitting to the jury two forms of verdict in favor of the plaintiffs and in receiving from the jury separate verdicts in favor of the plaintiffs and against defendants; one against the defendant Clinkingbeard for $1, and the other against the railroad company for $15,720. Clinkingbeard did not appeal. The railroad company appealed, and inter alia urges that the verdicts are inconsistent and 'make fish of one and fowl of the other.'

"The defendants were sued as joint tortfeasors. Clinkingbeard was the engineer operating the locomotive and for that purpose, of course, was the agent of the railroad company. Although the jury found that the engineer was guilty of negligence, it is not at all surprising if they concluded that, since what he was doing was for the master and could not profit him in any way beyond his wages, it would be only fair for his employer to pay whatever damages had resulted from the negligent acts committed. This objection affords no grounds for disturbing a verdict returned against either of the tort-feasors.

"The same issue of law here involved was raised in Strickfaden v. Greencreek Highway Dist., 42 Idaho 738, 769, 248 P. 456, 465, 49 A.L.R. 1057. This court answered it as follows: 'The verdict of a jury can only be set aside on appeal for want of substantial evidence to support that particular verdict and not because the verdict may seem inconsistent with another verdict, or because another verdict is wrong, or some other party has been discharged or exonerated. It would be a subversion of the ends of justice to allow a defendant to complain of a just judgment against it—one supported by the overwhelming weight of evidence—because its joint tort-feasor was not also held. Again, if it be contended by appellant that the verdicts are inconsistent, and one of them is therefore capricious, or the result of prejudice, what more reason is there for believing that the caprice or prejudice was directed against the appellant than to suppose that it was directed in favor of Dasenbrock and against respondent?'

"Appellant is not in position to object to the verdict on the grounds of informality or insufficiency in the present case, for the reason that it made no objection at the time to the submission of the separate verdicts to the jury, nor did it object or except to the reception of the verdicts when they were returned into court. Section 7-218 I C A; Boomer v. Isley, 49 Idaho 666, 290 P. 405; Pederson v. Moore, 32 Idaho 420, 184 P. 475; Campbell v. First National Bank, 13 Idaho 95, 88 P. 639; Blackfoot Stock Co. v. Delamue, 3 Idaho, Hasb, 391, 29 P. 97; Hooks v. Vet, 5 Cir., 192 F. 314; Ohio Valley Bank v. Greenebaum Sons Bank & Trust Co., 5 Cir., 11 F.2d 87."

■■■ The next point urged is that the verdict was excessive as against Fulton Cook. The general rule is: "The Court

will not interfere in such cases unless it appears the amount awarded is so grossly excessive as to shock the moral sense, and raise a reasonable presumption that the jury was under the influence of passion or prejudice." There is no such showing herein, and the court, whatever his personal judgment might be, would not be justified in saying that the jury was wrong and attempt to correct the jury's verdict by substituting the judgment of the court.

There are some other objections stated in the motion that are not urged in counsel's argument nor have they cited any authority in support thereof, although the court should not be called upon to consider points so presented, the court has considered each of said objections and feels they are without merit. Therefore the jury's award will not be disturbed.

The motions of the defendants for a new trial will be denied. Order will be filed as of this date.